THE STATE *v.* EDWARD CLARK, MARY CLARK, JOSEPH CLARK, AND WILLIAM J. GIBBONS.

*Conspiracy—Proof—Husband and Wife.*

A conspiracy is an unlawful combination entered into by two or more persons for the purpose of doing an act which is unlawful, or the doing of a lawful act by unlawful means.

In a trial upon an indictment for conspiracy the conspiracy must be proven as any other fact.

When the fact is proven that a conspiracy exists, the declarations of all the parties who were concerned in that conspiracy is evidence against the whole, though they were not present.

When a husband and wife are indicted jointly for the commission of a crime, the burden is upon the defence to show that the wife acted under the influence of her husband.

Since it takes two or more to form a conspiracy, a husband and wife could not be convicted of such a charge (they being considered one in law) unless joined with others in the indictment.

A party becoming a co-conspirator after the formation of the conspiracy is as guilty as though he were in the incipient stage of the same.

(*New Castle, December 18, 1891.*)

INDICTMENT for conspiracy to burn a barn located near the City of Wilmington and belonging to the Messrs. DuPont. The testimony was largely that of detectives and was very sensational, disclosing a plot among the conspirators to burn the barns and blow up the powder manufactories of the DuPont's located on Brandywine Creek, in the vicinity of the City of Wilmington.

*John Biggs,* Attorney General, and *Thomas Davis,* Deputy Attorney General, for the State.

*Austin Harrington* and *William S. Hilles,* for the prisoners.

CULLEN, J., (charging the jury):
*Gentlemen of the Jury:* The case you are empaneled to try

is a very important one, and a grave responsibility rests upon you in order that the public interests may be protected.

The indictment here is one for what is called conspiracy. A conspiracy is an unlawful combination entered into by two or more persons for the purpose of doing an act which is unlawful, or the doing of a lawful act by unlawful means.

In order to sustain this indictment it is necessary in the first place to show that there was an unlawful combination by, and on the part of two or more persons to do an act which is wrongful. The matter which is presented here and which is charged in the indictment, is that the defendants,—in this case, Edward Clark, Mary Clark, Joseph Clark and William J. Gibbons,—unlawfully conspired and combined together (which is the gist of this action) to burn a barn belonging to the Messrs. DuPont. Now it is necessary for the State to clearly prove those facts to you beyond a reasonable doubt.

As far as the testimony in this case is concerned, I may say that it does not appear to be conflicting, but it is more a matter of a continued series of testimony without contradiction as to certain facts. Those facts, therefore, and that evidence must go before you for your decision in relation thereto.

According to the evidence here, is a conspiracy disclosed?—for the fact of a conspiracy must first be proven; and in order to establish the same it is necessary to show it as any other fact. It may be shown directly—that is, by positive evidence; or it may be shown by the declarations of the parties themselves, or by the declarations or evidence of an accomplice, or one who was a party to the conspiracy; but as a general thing offenses of this nature are necessarily secret, and it is not often that positive testimony can be produced in order to establish the fact of a conspiracy; and the law therefore admits what is called circumstantial evidence, that is, facts and circumstances from which you can infer certain things; and if the facts that are brought out as connected with the circumstances established the fact that a conspiracy does exist, then

the offense becomes complete, when you are shown the connection of the parties with it who are charged as being implicated.

The testimony of the different parties as to this matter, prior to the formation of the conspiracy, is admissible in evidence—not as charging the whole conspirators until the fact has been proven, but when the fact is proven that a conspiracy existed then the declarations of all the parties who were concerned in that conspiracy is evidence against the whole, though they were not present. But otherwise the declaration and admissions of the one are not at all to implicate or in any way join the other co-conspirators.

In the decision of this case you must take into consideration the whole testimony that is offered here going to show that there was a conspiracy to burn this barn.

There is presented to you a letter, which speaks for itself. The inferences that are naturally and reasonably to be drawn from that letter you must draw. Do they establish the fact that there was a conspiracy, an unlawful combination or agreement on the part of the prisoners at the bar in this case to do an unlawful act, namely the burning of this barn? Has that testimony been followed up by the testimony on the part of the State as to the declarations as to what is termed overt acts on their part, which is nothing more nor less than certain things which they did or said going to carry out and complete this conspiracy—not in the execution of the conspiracy, but acts and sayings which go to complete it and to make perfect that conspiracy. Are the declarations of these parties offered in evidence here sufficient in your minds to establish the fact that a conspiracy really existed?

It is the province of the Court, gentlemen, if the fact of a conspiracy is not proven, to stop the case; for you cannot, of course, convict parties of being implicated or concerned in an unlawful combination when such is not proved; but where the unlawful combination is proved, then the fact comes up as to whether or not the parties charged are really guilty of the offense.

You have other testimony in relation to this matter, as to this

conspiracy, and it is for you to say whether or not those facts are
sufficient in your minds to satisfy you that there was a conspiracy.
The Court think that the facts are sufficient to allow this case to go
to the jury to determine as to the guilt or innocence of the
defendants.    You have the testimony before you relative to the
matter.    If that testimony is sufficient to satisfy you of their guilt
—in other words, that they did combine to do this unlawful act—
then you should undoubtedly render against them a verdict of
guilty.

I would say to you, gentlemen, in relation to the testimony as
to the admissions and declarations on the part of these defendants,
none of these are proper to go in evidence so as to charge the co-
conspirators who were not present at the time of these declarations,
and had nothing to do with them, unless you are satisfied that they
were all together concerned in it.    Have you testimony sufficient to
warrant you in believing that there was a combination of this
character, or is there testimony sufficient to warrant you in coming
to any other conclusion in relation to this matter ?

We have been asked to charge you here that inasmuch as a
husband and wife are indicted together for a conspiracy, the wife
cannot be convicted, because she is presumed to be under the influ-
ence of the husband.    We know of no principle of law that would
justify such a doctrine.    There are cases in which the wife is pre-
sumed to be under the influence of her husband.    There have been
no authorities presented to us to show the ground upon which the
matter has been referred to the Court; but I will cite you to
" Wright on Criminal Conspiracies and Agreements," page 127
(from which he read).    That is sustained by several very ancient
authorities, which, so far as I know, have never been overruled—
5 " Espinasse," 107—It must be so.    The idea that where a man
and his wife are indicted jointly for an offense—the latter cannot
be convicted, with no proof on the other side to show there was an
influence exerted by and on the part of the husband as compelling
the wife to enter into this matter—is a strange one.    You must

have the proof. If there was an influence exerted over the wife, that should have been brought out; but there is no defence on that. A husband and wife may together commit a crime as well as either one alone—they may combine together and commit a murder; if they were both engaged in this transaction, though the law regards them as one, they are alike guilty.

It is true that if those two alone were concerned in the commission of an offense of this kind, then you could not convict, because it takes two to make a conspiracy—they being one in law; but it would be sufficient if there were other persons joined in it, though they were not known; then they might be convicted.

We have been asked to say in relation. to the charge against one of these parties—William J. Gibbons—that there is not sufficient proof to connect him with these conspirators—that there has been no proof adduced here to show that he was a party who was in the organization of this conspiracy. That is a matter for you to consider, as to whether or not there is testimony going to show you that this party was implicated in this conspiracy. A conspiracy may be formed and a party not be in it at the time of its formation, but afterwards may come in and become connected with the conspiracy; then, in that case, he is guilty, as he would also be if he were in the incipient stage of the same.

Does the testimony disclose here that Mr. Gibbons was in the original formation of this conspiracy, that he was connected with the Clarkes at the time, or if not that, does it disclose the fact that it was a matter which was brought to his knowledge, and that he acted and co-operated with these persons? We cannot close our eyes to the fact that there was a conspiracy and that some unlawful acts had been done, and that a wrong had been committed against the public interests.

The fact as to whether or not he came into this conspiracy after its inception, or at the time, and was therefore a part of the conspiracy,—is to be inferred by you, but your inference must rest

upon proper grounds. You must be satisfied beyond a reasonable doubt. If the declarations made by the witnesses implicating Mr. Gibbons are not sufficient to satisfy you that he was privy to this combination and that he was interested in the same, then under those circumstances you should acquit him. You may convict all of these parties, or you may convict a part and find guilty the others. That is a matter depending entirely upon the proof, which you are to decide.

There is no dispute in relation to the law applicable to this case.

If you are satisfied from the evidence that these defendants were guilty of entering into an unlawful combination to burn this barn your verdict should be a verdict of guilty; if, however, there is a reasonable doubt, such as not to satisfy a reasonable mind as to their guilt, then you should give them the benefit of that doubt and acquit them. So with any one of them, if you find that the evidence is not sufficient to satisfy you beyond a reasonable doubt as to the guilt of one or more of them, then you should find a verdict of not guilty as to that one or two, whatever there are.

Verdict: Guilty as to all the defendants.