## SUPREME COURT.

### LEARNED AND OTHERS agt. VANDENBURGH.

### RANSOM AND OTHERS agt. SAME DEFENDANT.

### ADAMS agt. SAME DEFENDANT.

A warrant of attachment under § 231 of the Code, is not a lien on property, either real or personal, until such property is levied on under it. (*See the report at special term in these causes*, 7 *How. Pr. R.* 379.)

*Albany General Term, Dec.* 1852—*Before Justices* PARKER, HARRIS and WRIGHT. In the first two causes attachments were issued to the sheriff of Greene, under the 231st section of the Code, on the 10th of April 1852. It appeared by the inventories returned by the sheriff, and by his returns on the attachments, which were dated October 26, 1852, that he levied on the defendant's personal property only on the day the attachments were received by him. Judgments were recovered in these suits which were docketed on the 21st day of June 1852.

In the third suit judgment was docketed on the 16th June 1852

Executions on all the judgments were afterwards issued, and the sheriff of Greene sold real estate which not being sufficient to satisfy all the judgments, the plaintiffs in the first two suits moved at special term for an order, directing the sheriff first to apply the avails on their judgments. The motion was denied by Justice HARRIS, and from that order the plaintiffs in the first two suits appealed.

W. L. LEARNED, *for Appellants.*

J. C. VAN DYCK, *for Respondents*

By the Court, PARKER, Justice.—Under the Revised Statutes, the warrant of attachment, in terms, commanded the sheriff to attach all the property, real and personal of the debtor (2 *R. S.* 4, § 6; 2 *R. S.* 459, § 16). But by the Code, under which these proceedings were instituted, the sheriff is only required to attach and safely keep all the property of the defendant within his county, or so much thereof as may be sufficient to satisfy the plaintiffs' demand, together with costs and expenses (*Code,* § 231). This form of attachment is substantially like that of an execution against property.

The object of an attachment under the Code is to obtain " security for the satisfaction of such judgment as the plaintiff may recover " (*Code,* § 227), and not, like the proceedings under the Revised Statutes, to wind up the affairs of the person proceeded against, and have his property distributed by trustees among all his creditors. It is not, of itself, a lien on property, but only on such property as is levied on under it. In this respect it is like an execution against personal property. But as to real property it is different from an execution, because under an attachment the lien depends upon actual levy, whereas under an execution it exists by virtue of the previous docket of the judgment on which the execution was issued.

The plaintiffs in the first and second suits can not, therefore, maintain a preference over the plaintiffs in the third suit, unless they can show affirmatively their attachments levied on the real property. This they entirely fail to do. On the contrary, all the evidence we have before us, which is uncontradicted, shows that no such levy was made. It is not included in the inventory made by the sheriff and it appears by his return to the attachments that he levied only on the personal property.

The counsel for the moving parties are correct in saying that the mere volition of the sheriff can not be the execution of the attachment or a seizure of the property. But to constitute a levy, there must be a seizure, or an exercise of control, or at least, if the property be real estate, a claim made to hold it under the attachment. In this case there was not only no assertion or exercise of such claim, but, as appears by the inventory and by the return to the attachment, a disclaimer of levy as to all except

the personal property mentioned in the inventory. As between these parties, therefore, the plaintiff in the third suit, having obtained the first lien by judgment, has preference.

The sheriff has undoubtedly erred in not seizing property enough to satisfy the attachments, and is probably liable to an action for such neglect. But it was an omission that can not be supplied by inferring a levy shown affirmatively not to have been made.

The order made at special term must, therefore, be affirmed, with $10 costs.