# DIXEY v. POLLOCK.

Where an attachment was issued on a complaint, which was a printed form, with the blanks filled up by the clerk, at the request of plaintiff, but no named signed to it till next day, and after other attachments on the same property, when it was signed by the clerk, with the name of plaintiff's attorney: *Held,* that the action of the clerk, though not correct, was only an irregularity, and the complaint was not void.

In a contest between the attaching-creditors, all the equities are in favor of the most diligent, and an irregularity cannot be taken advantage of by a stranger, to the action in which it occurs.

An attorney in fact, who is not an attorney at law, cannot sign his name to a complaint for his principal, as "plaintiff's attorney," and an action so commenced, is void, as instituted without authority, and by an entire stranger to the plaintiff.

The application of an attaching-creditor, to compel the sheriff to pay over the proceeds of goods attached, there being conflicting claims between several attaching-creditors, may be made by motion. If notice of the motion is not given, by the party moving, to the other attaching-creditors, it is the duty of the sheriff to do so, if he wishes the decision to bind them.

APPEAL from the Superior Court of the City of San Francisco.

This was a motion in the Court below, by the plaintiff, for an order requiring the sheriff to pay over to plaintiff, the proceeds of goods attached in this action.

There were two prior attachments upon the same goods, one in the suit of R. H. Adams v. Pollock, and the other in the suit of John Pollock v. Pollock, all the suits being brought against the same defendant. The plaintiff claims that the prior attachments were void for irregularity. The plaintiffs in all the cases, had obtained judgment prior to the motion.

In the case of Adams v. Pollock, the complaint used, was a printed blank, and the blanks were filled up by the clerk, at plaintiff's request. No name was signed till after the attachment in the case at bar had been levied. The next day the clerk signed the complaint, "R. M. Adams, plaintiff's attorney."

In the case of Pollock v. Pollock, the complaint was subscribed "R. H. Adams, plaintiff's attorney." R. H. Adams was the attorney, in fact, of the plaintiff in that action, but not an attorney at law.

No notice of motion was served on the plaintiffs in the suits of Adams v. Pollock, and Pollock v. Pollock.

The Court below denied the motion, and plaintiff appealed.

*Bristol & Spencer* for Appellants.

The appellant claims that he is entitled to the money in the hands of the sheriff, on the ground that the proceedings prior to the attachments in the cases of Adams v. Pollock, and Pollock v. Pollock, were irregular, and, therefore, as to this plaintiff, void; and he claims that such proceedings are void because no sufficient complaints were filed in the said two cases.

An attachment cannot issue until after suit is commenced.  §
120 Practice Act.

Filing complaint and issuing of summons is commencement
of action.  § 22 Practice Act.

Every pleading must be subscribed by the party or his attor-
ney.  §§ 38 and 51 Practice Act.

It was suggested by the Court, on the argument, that unless
the complaint was either written, or signed, by the party, or his
attorney, that it would be insufficient, and that the attachments
would be void.

In other words, that if a party wrote a complaint himself, in
which his name occurred, that this might be a sufficient signing,
or subscribing, of it, and bring it within the statute.

But suppose he did write them, and that the complaint, in
which his name appears as a party plaintiff, written by himself,
is, under the statute, a good commencement of the action, with-
out any subscribing, yet how stands the case with the suit of
John Pollock v. D. H. Pollock ?

In this last-named case Adams is not the party, nor is he the
attorney of the party.  Adams cannot be the attorney, because
he is not admitted to practice as an attorney in any Court in
this State.

The most that Adams could do, as the attorney in fact for John
Pollock, was to employ some attorney to bring an action.

Then, we say, according to the most liberal interpretation of
the intimation of the Court, there can be no possible way in
which we can look upon the paper in the case of Pollock v.
Pollock, as a complaint.  It was neither written nor signed by
either the party himself or his attorney.

In other words, can the Court say that a complaint may be
good when it lacks any one of the qualities which the statute
shall possess ?

If the Court can say that it may lack one, have they not the
same right to say that it may lack two, or all, of the requi-
sites ?  See Benedict v. Bray, 2 Cal. R., 254.

*G. F. & W. H. Sharp* for Respondent.

1. The appellant's remedy, if he has one, is by action, not by
motion.  The parties in the prior attachment-suits not having
been before the Court in this proceeding, if the Court below had
ordered the sheriff to divert the funds, it would have been no
defence for him, in an action by those plaintiffs against him, for
a false return.  They were, in no sense, parties to this suit, and
could have taken no steps in it, by appeal or otherwise, hence,
plaintiff should have commenced his action against them before
he could invoke the power of a Court over their persons or
rights.  The whole proceeding was so revolting to reason, that

it is without precedent or authority. The People v. Tallmadge, Cal. Rep.

2. Conceding the Court had jurisdiction over the prior attaching-creditors, the determination of the Court was right, because the attachment is not based upon the complaint, and its vitality is not dependent upon it. Code, §§ 120, 121, and 122.

3. Even if it were, the complaint filed supported the attachment, because it is conceded that the only defect in it, was a proper signing. The signing is no part of the complaint itself. Code, § 39.

4. The want, or lack, of a proper signing to the complaint, at most, is a simple irregularity, and affects no other pleading or proceeding in the suit. Launbeer v. Allen, 2 Sand. S. C. R., 648; Webb. v. Clark, 2 Code Rep., 16; Gilmore v. Hempstead, 4 Pract. Rep., 153; Graham v. McCaun, 5 Pract. Rep., 353; 12 Wend., 424.

5. The defendant only can take advantage of an irregularity, and the defendant himself is estopped from so doing, after answer and judgment. Code, § 45; cases before cited.

6. The defendant being estopped, the appellant is, also, because his rights cannot be enlarged beyond those of the defendant.

7. A subsequent attaching-creditor can invoke fraud only to defeat a prior attachment-lien, and this by suit, only in equity. Fraud is not even pretended in this case. Kincaid v. Neall, 2 McCord, 201; also, 1st McCord, 116; Camberford v. Hall, ibid., 345; McBride v. Floyd, 2 Bailey, 214; Van Arsdale v. Krum, 9 Missouri, 397; Walker v. Roberts, 4 Richardson, 566.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Motion by plaintiff, requiring the sheriff to pay over to him the proceeds of certain goods attached by the sheriff under three separate writs, the last of which was that of plaintiff.

In the case of R. H. Adams v. D. H. Pollock, the complaint was a printed blank, and the blanks were filled up by the clerk of the Court at the request of the plaintiff, but no name was subscribed at the end of the complaint until the next day, and *after* the attachment of Dixey was duly levied upon the same goods. It was then signed by the clerk, in this way, "R. M. Adams, plaintiff's attorney." It does not appear, with certainty, whether the blanks in the complaint were filled up and the name signed in the presence of Adams or not. It is most probable, from the affidavits, that the blanks were filled up in his presence, and the name subscribed in his absence.

Under our system of practice, an action is commenced by the filing of a complaint, and every pleading must be subscribed by the party or his attorney. It is insisted by the plaintiff that the complaint in the case of Adams was not subscribed, and was, therefore, void, and the attachment could not issue.

It has been held that a note written by a party beginning, "I, A B, promise to pay," was good, though no name was written under it. So it has been held that if a party request another in his presence to write his name for him it is sufficient. In this case, we think the complaint was not void. The conduct of the clerk in filling the blank was not correct; but still it was a mere irregularity. And it is well settled that a stranger cannot interfere upon the ground of irregularity. When the contest is between creditors, all the equities are in favor of the most diligent. The subsequent execution or attachment-creditor can claim no equitable relief. If the proceedings of the prior creditor are not void, but voidable, the defendant can alone object. 9 Miss. R., 397; 2 Bailey, 214.

In the case of John Pollock v. D. H. Pollock, the complaint was subscribed, "R. H. Adams, plaintiff's attorney." In this case, the blanks were also filled up by the clerk at the request of Adams, who, it appears, was not a licensed attorney, but was the attorney in fact of John Pollock. This case differs very materially from the case of Adams v. Pollock. Adams, as the attorney in fact of John Pollock, had no authority to conduct the proceedings, as he was not an attorney at law. He could, no doubt, have employed counsel to bring the suit; but it certainly was not competent for him to act as attorney at law for John Pollock. The power given him by the latter certainly did not contemplate any such thing. The complaint was drawn and filed by a party who had no authority to do so, and was not subscribed, either by the plaintiff or by his attorney, and the suit must be considered as having been instituted by an entire stranger to John Pollock, and wholly without authority, and, therefore, void.

It is objected by the counsel of the sheriff that the remedy of plaintiff, if any, is by action, and not by motion. This, we think, is not correct. 8 How. Pr. Rep., 77.

It is also objected, on the part of the sheriff, that Adams and John Pollock were not served with notice of the motion. This was not necessary. If the sheriff wished to make the decision of the Court binding against the other attachment-creditors, he should have given them notice.

Our conclusion is, that the proceeds should be first applied to the execution in the case of Adams, and then to the debt of the plaintiff, Dixey, leaving John Pollock to his remedy, if any, against his agent.

Judgment reversed, cause remanded, and the Court below will make an order in conformity with this opinion.