## EHLE *a.* HULLER.

*New York Superior Court; General Term, January,* 1860.

JOINDER OF CAUSES OF ACTION.—PLEADING.—ORDERS.—
APPEAL.

The omission of defendant's attorneys to subscribe a demurrer cannot be raised on appeal from an order sustaining the demurrer.

On appeal from an order, the court will not go behind the order as entered and appealed from, to consider the objection that it was not in accordance with the minutes of the court.

A complaint setting forth several causes of action, such as cannot properly be united, and demanding damages generally on account of them, cannot be sustained on the ground that the facts alleged in some of the facts were proper matter of inducement to others, which constituted but one cause of action.

Appeal from order sustaining demurrer to complaint.

The nature of the complaint sufficiently appears in the opinion. The demurrer was on the ground of a misjoinder of causes of action. The demurrer was sustained at special term by Mr. Justice Pierrepont, and the defendant appealed.

BOSWORTH, J.—The objection that the demurrer was not signed by the party (defendant), nor by Tabor & Reavy, as his attorneys, is not a ground of reversal of the order. If the paper was defective, it should have been returned to those who sent it, with a memorandum of the defect, to the end that it could be corrected. Again, the objection should have been made and passed upon at special term. The persons whose names are signed were and are attorneys of this court, and as such appeared and argued the demurrer below, so far as the order of proceedings furnished by the papers upon this appeal inform me, without any objection being made.

The suggestion that the decision of the court below was entered in the minutes of the clerk, differing in terms from the order appealed from, may be dismissed, with the remark that

this court cannot go behind the order as entered and appealed from. If the order did not conform to the decision of the justice, application might have been made to resettle, and, if erroneous, correct it.

The complaint, after setting forth a contract to sell certain lands under date of 26th of January, 1859, alleges :

1. That the defendant caused certain fixtures, parts of partitions, and a second floor, to be severed and removed from the premises, which were a part of the real estate sold, and to be conveyed, to the plaintiff.

2. That defendant proceeded to occupy the store in said premises as a workshop, and for the purpose of shoeing horses ; by means whereof the said property and the premises were damaged, and of less value to the plaintiff.

3. That the defendant let and rented the whole upper part of the house, and received the rent thereof, in violation of said articles of agreement.

4. That the defendant prevented, hindered, and deprived plaintiff of the benefits of the said property and premises aforesaid, in violation of said articles of agreement.

5. That the defendant prevented the plaintiff from proceeding to build a house on said premises, in violation of said articles of agreement.

The plaintiff in person contends that the foregoing averments are proper and necessary in sustaining the cause of action founded upon the allegation that the defendant on the night of the 14th of February, 1859, committed a violent *assault* on the person of the plaintiff, and took from him the aforesaid agreement.

If any, the only proper inducement in an action of assault and battery, under the former system of pleading, was an averment of the right of personal security, &c., but it was thought none was necessary, in 1 Chitty on Pleading, 411.

The Code has so far changed pleadings as to enable a party to state the whole of any one transaction, out of or upon which the right of action proceeded. (So held by HARRIS, J., in Brewer *a.* Temple, 15 *How. Pr. R.*, 287, where the demurrer to a complaint averring slander and assault and battery occurring at the same time was overruled.)

The matters alleged in the present complaint, however, are

not the history of one occurrence, and no more. It is a narrative of several separate and distinct matters, occurring at different times, and constituting several distinct causes of action, or several distinct breaches in a cause of action.

The plaintiff avers that " by means of the wrongful acts of the defendant in the premises, as aforesaid, the plaintiff has sustained damage to the amount of two thousand dollars," and asks judgment for those damages.

The prayer of the complaint, therefore, has equal reference to all the matters set forth, and would permit the plaintiff to recover, upon proving either of them,—the breach of the contract to convey the removal of part of the property under the contract, that the defendant let and rented the whole upper part of the house, and received the use thereof, or the assault and battery.

Such causes of action, in my opinion, cannot be united, they are not all parts of one transaction, nor are they of the same family, belonging to any one specified class. (6 *How. Pr. R.*, 514; *Ib.*, 170; 8 *Ib.*, 470.)

The complaint, improperly uniting several distinct causes of action, was the subject of demurrer. (§ 144, amended Code.) The decision at the special term, therefore, was correct, and the order appealed from should be affirmed, with costs.

## MAYHEW *a.* WILSON.

*Supreme Court, First District; At Chambers, February,* 1860.

### ATTACHMENT.—SHERIFF'S FEES AND COMMISSIONS.

A sheriff is entitled to the same expenses and commissions upon things in action taken on attachment under the Code, and collected by him, as trustees of insolvent debtors in attachment, &c., under 2 Revised Statutes, 46, § 29.

He must specify the items of expenses under oath, of himself or of the deputy who paid them.