[Civ. No. 843.   First Appellate District.—September 28, 1910.]

## CANADIAN BANK OF COMMERCE, a Corporation, Respondent, v. W. G. LEALE et al., Appellants.

ACTION UPON NOTE—LAST DAY FOR FILING COMPLAINT—OMISSION OF SIGNATURE—STATUTE OF LIMITATIONS.—In an action upon a note, where the complaint was filed on the last day to prevent the bar of the statute of limitations, the statute of limitations is not pleadable by demurrer or by answer merely because the signature to the complaint was omitted.

ID.—UNSIGNED COMPLAINT NOT VOID, BUT AMENDABLE.—An unsigned complaint is not void, but is sufficient as instituting an action, and may be amended.

ID.—DECISION OF FORMER SUPREME COURT.—The decision of a former supreme court in this state unreversed and unmodified must be followed by this court.

ID.—WEIGHT OF AUTHORITY AGAINST INVALIDITY OF UNSIGNED PLEADING—AMENDABLE IRREGULARITY.—While there is some authority in other jurisdictions that an unsigned pleading is a nullity, yet the weight of authority is to the effect that the omission of the signature to a pleading is but an irregularity that does not affect the jurisdiction of the court, and may be cured by amendment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Leon Samuels, for Appellants.

Olney, Pringle & Mannon, for Respondent.

HALL, J.—This is an appeal from a judgment against defendants, and comes to this court upon a bill of exceptions.

The action was brought to recover the sum of $6,000 and interest, as due and unpaid on a promissory note executed by defendants to plaintiff. The original complaint was filed on March 9, 1908, which it is conceded was the last day upon which an action could have been brought upon the note without being subject to the bar of the statute of limitations.

The original complaint was neither subscribed by plaintiff nor by its attorney when filed, but subsequently, to wit, on

March 26, 1908, after service of summons, but before any appearance by defendants, upon permission granted by the court, upon the *ex parte* application of plaintiff, the complaint on file was subscribed by plaintiff's attorneys, and on the same day an amended complaint in due form and properly signed was filed.

The only defense relied on by defendants is that of the statute of limitations, which was raised both by demurrer and by answer to the amended complaint.

The only claim made by appellant for a reversal of the judgment is that the filing of a complaint, defective only in that it is neither signed by plaintiff nor by his attorney, is not sufficient to toll the running of the statute of limitations—that an action so commenced is, in law, not commenced at all.

In support of this contention appellants cite *Dixey* v. *Pollock*, 8 Cal. 570, but we think this case is against the contention of appellants. The court in *Dixey* v. *Pollock* was called upon to determine the relative rights of three attaching creditors—Dixey, Adams and John Pollock. The first attachment was levied in the case of *R. H. Adams* v. *D. H. Pollock*, but the complaint in the suit of R. H. Adams was not signed until after the levy in the Dixey suit. It was contended that the unsigned complaint in the R. H. Adams suit was void, and therefore not sufficient to support an attachment. The court held that such unsigned complaint was not void, and was sufficient to support the attachment in favor of R. H. Adams, and, although such complaint was not signed until after the levy of the Dixey attachment, the court gave the Adams attachment precedence over the Dixey attachment. The court did not hold the attachment void in *Pollock* v. *Pollock*, because the complaint was not signed, but because the suit itself was instituted by a person having no authority so to do. The court said: "The suit must be considered as having been instituted by an entire stranger to John Pollock and wholly without authority, and therefore void." The court directed that the proceeds derived from the sale of the attached property be first applied to the execution in the case of Adams, and then to the debt of Dixey. John Pollock was remitted to a new action. The law, then as now, required that a complaint be signed either by plaintiff or by his attorney, but the case just considered clearly holds

that a complaint not so signed is not void, but is sufficient as instituting an action, and may be amended.

Appellants correctly observe that the case of *Dixey* v. *Pollock*, 8 Cal. 570, has never been reversed or modified. It must therefore be followed by this court. While there is some authority in other jurisdictions to the effect that an unsigned pleading is a nullity (*Schuyler* v. *Yates*, 11 Wend. 186; *Gould* v. *Gage*, 118 Pa. 559, [12 Atl. 476]; *Browder* v. *Gaston*, 30 Ala. 677), the weight of authority is to the effect that the omission of the signature to a pleading is but an irregularity that does not affect the jurisdiction of the court, and may be cured by amendment. (*Meyer* v. *Delaware R. R. Co.*, 100 U. S. 457; *Harris* v. *Osenback*, 13 Ind. 445; *Railway Co.* v. *Peck*, 99 Ind. 68; *Sims* v. *Dame*, 113 Ind. 127, [15 N. E. 217]; *Crawford* v. *Feder*, 34 Fla. 396, [10 South. 287]; *Cochran* v. *Thomas*, 131 Mo. 258, [33 S. W. 6]; *Weir* v. *Slocum*, 3 How. Pr. 397; *Ehle* v. *Huller*, 10 Abb. Pr. 287; *Harrison* v. *Wright*, 1 N. Y. St. Rep. 736; *Gillis* v. *Atlantic Coast Line R. Co.*, 127 Ga. 678, [56 S. E. 1003]; *McIntyre* v. *Smyth*, 108 Va. 736, [62 S. E. 930]; *Holton* v. *Guinn*, 65 Fed. 451; see, also, *Smith* v. *Dorn*, 96 Cal. 73, [30 Pac. 1024].)

The judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.