[Crim. No. 878. Second Appellate District, Division One.—November 20, 1922.]

## THE PEOPLE, Appellant, v. HARRIET A. CANFIELD GRAFF, Respondent.

[1] CRIMINAL LAW—EMBEZZLEMENT—FORGERY—COMMISSION BY WIFE CONCERNING HUSBAND'S PROPERTY.—The expressions "any person," "every person" and "a person," found in sections 470, 503, 506 and 507 of the Penal Code, include in substance, and not merely in form, both wives and husbands; therefore, a wife may offend against the property of her husband through a commission of the crimes of embezzlement and forgery.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Reversed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Arthur Keetch and John W. Maltman, Deputies Attorney-General, Thomas Lee Woolwine, District Attorney, and William G. Randall, Deputy District Attorney, for Appellant.

Kemp, Mitchell & Silberberg, and Pierce Works on Petition for Hearing in Supreme Court, for Respondent.

WORKS, J.—Defendant was informed against in two counts for the commission of the crime of embezzlement and

---

Embezzlement between husband and wife, note, 21 **Ann. Cas.** 127.

in four counts for the commission of the crime of forgery. Under all of these counts the commission of the alleged offenses was stated to have been against the property and rights of defendant's husband, defendant having been a married woman at the time of the alleged wrongful acts. Defendant moved the trial court to set aside and quash the information and the motion was granted, defendant never having entered her plea to any of the six counts. The people appeal from the order granting the motion to set aside and quash.

[1] The point offered in support of the motion made in the trial court, and the sole point now offered by respondent in support of the order of that court is that a wife cannot commit the crimes of embezzlement and forgery if her alleged criminal acts concern the property of her husband. This contention is based upon the well-known rule of the common law, founded upon the unity of the two parties to the marriage relation, to the effect that a wife cannot commit a crime against the property of her husband, respondent insisting that the rule mentioned yet obtains in California.

Section 4468 of the Political Code provides, with our italics, that "The common law of England, *so far as it is not repugnant to or inconsistent with* the constitution of the United States, or *the constitution or laws of this state,* is the rule of decision in all of the courts of this state." The solution of the question before us depends upon the italicized portion of this section. Respondent contends that the insistence that her alleged wrongful acts do not constitute the crimes of embezzlement and forgery is not repugnant to nor inconsistent with the constitution and laws of the state in the absence of constitutional provision or legislative enactment expressly extending the two crimes to married women who offend against the property of their husbands, and there is no such provision or enactment. On the other hand, the position taken by appellant is that the general state of the law as to married women is such that there is thereby furnished a repugnancy to the idea of the application of the common-law rule above mentioned to the charges made in the information filed against respondent. It is between these two contentions that we must make a choice in disposing of the appeal,

We first take account of the penal laws which bear upon the question. Where italics are used throughout this opinion it will be understood that they are ours. Section 470 of the Penal Code provides: *"Every person* who, with intent to defraud," commits certain acts, or who, "with intent to prejudice, damage, or defraud *any person,"* commits certain other acts, "is guilty of forgery.'" Section 503 of that code reads, "Embezzlement is the fraudulent appropriation of property by *a person* to whom it has been intrusted." Section 506 of the same code is to the partial effect that *"Every trustee, . . . agent, . . . or person* otherwise intrusted with or having in his control property for the use of *any other person,* who fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust . . . is guilty of embezzlement . . . " Section 507 of that enactment in part provides, *"Every person* intrusted with any property as bailee . . . who fraudulently converts the same or the proceeds thereof to his own use . . . is guilty of embezzlement." These quotations, while fragmentary, will serve sufficiently as a basis for our discussion. It will be observed that each of the sections is all-inclusive as to persons, in *form* at least. The continued use of the expressions "every person," "any person" and "a person" justifies the statement upon principles of pure logic and without the possibility of cavil. That, however, does not settle the matter, for some courts in other jurisdictions have found no great difficulty in deciding in the face of the very general terms of penal statutes that a wife may not be guilty of the larceny of her husband's property, this upon the common-law rule as to the unity of husband and wife, it being declared in those jurisdictions, in effect if not by positive statement, that as to such offenses a wife is not a person. This being so, we may look to other enactments of the legislature which cast light upon the question.

It is provided by section 26 of the Penal Code that *"All persons* are capable of committing crimes except those belonging to the following classes: . . . Seven. Married women (except felonies) acting under the threats, command, or coercion of their husbands. . . . " Because of the exception upon exception in which this statement is involved and for the sake of clarity, the people in their brief paraphrase it thus: "Married women are persons capable of committing

all crimes, except misdemeanors committed by them when acting under the threats, command, or coercion of their husbands," a rendition of the terms of the enactment which to us seems eminently just. Certainly, if the legislature had not intended the words "every person," "any person" and "a person," as used in sections 470, 503, 506 and 507 to operate as contended for by the people in the present instance, we might reasonably expect that body to have so expressed itself in the seventh subdivision of section 26. Under such conditions we should naturally expect a reading of the subdivision somewhat after the following manner: "Seven. Married women (except for felonies) acting under the threats, command, or coercion of their husbands; or (as to both felonies and misdemeanors) committing acts against the property of their husbands."

Certain companion sections of the Penal Code and the Code of Civil Procedure are very persuasive of, if they do not in fact control, the view that the legislature never intended an exception to the general terms of sections 470, 503, 506 and 507 of the Penal Code in the case of a married woman offending against the property of her husband. Section 1322 of the Penal Code is to the effect, in part, that "Neither husband nor wife is a competent witness for or against the other in a criminal action or proceeding to which one or both are parties, except . . . in case of criminal actions or proceedings for a crime *committed by one against the person or property of the other* . . . " The following is a portion of section 1881, Code of Civil Procedure: "There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding *for a crime committed by one against the other* . . . " Respondent asserts that these two sections embody rules affecting procedure alone and that therefore they cannot be regarded as substantive declarations that either husband or wife may

commit crimes against the property of the other. The statement is true, but the sections nevertheless have both a direct and a decided bearing upon the question here presented. The rules of evidence prescribed by the legislature in them amount to a contemporaneous construction of the substantive law enacted by that body and dealing with questions kindred to that covered by those rules of evidence. It is well settled that such a construction is most persuasive with the courts (25 R. C. L., tit. "Statutes," pars. 273, 274, 275). The language employed by the legislature in the two sections is particularly persuasive in the present instance, for if the law-making body has not intended by its substantive enactments to render husbands and wives criminally responsible for wrongful acts committed by either against the property of the other, then parts of the two sections do nothing but encumber the statute book. It must be said that the body has performed not only a futile but a foolish act in providing that husbands and wives may testify against each other in cases in which either is under prosecution for the commission of a crime "against the person or property of the other," or "against the other," if such crimes cannot be committed. It must be true, then, that in announcing this rule of evidence the legislature has in effect declared that it has elsewhere provided that each of the spouses may commit such crimes, that is, if we may find elsewhere language employed by the law-making body which with reason may be interpreted as declaring that each may commit them. We have already remarked that such a declaration is made, in *form*, in sections 470, 503, 506 and 507 of the Penal Code. We may now, with the aid of section 1322 of that code and section 1881 of the Code of Civil Procedure, not forgetting to pay due regard to the terms of section 26 of the Penal Code, safely conclude that we have made substantial progress toward the view that the legislature has made the declaration not alone in form, but in substance as well.

The question whether a wife may offend against the property of her husband through a commission of the crimes of embezzlement and forgery has never been passed upon, apparently, in any jurisdiction. Courts of last resort in several of the states have had before them, however, the question whether one spouse may commit larceny of the effects of the other, or may commit other crimes, notably arson,

against the property of the other, with the result that the authorities upon the question are divided. In those cases in which it has been determined that the crimes mentioned may not be committed by one spouse against the other the courts have descanted upon the sanctity of the marriage relation as the foundation upon which a stable condition of society can alone exist. The view is taken that the peace of the home will be destroyed if husbands and wives may be charged with the commission of crimes against the property of each other, and it is said that it were better to permit the escape from punishment of a husband or wife who robs a spouse than to encourage the dissension which would enter a family if a criminal charge could be pressed against the thief. It is said in effect that the commission of such a theft would have a slight tendency to produce a warfare internecine to the family, while the pressure of a criminal charge because of the immoral act would tend to cause a disruption of the marital relation. We cannot adopt such a line of reasoning. We cannot believe that such events can be so smothered in the family circle that no ripple, or that but a slight ripple, will disturb the serenity of the home. A spouse will not lightly forgive a robbery committed against him by his marital partner, and a home in which one of the partners will steal the property of the other cannot be regarded as one resting on a particularly solid foundation.

In passing upon the question involved in this appeal we cannot but contemplate the effect upon society if our decision should be favorable to respondent. Such a termination of the cause would advertise to the world the fact that wives may rob their husbands with impunity, that they may commit against their husbands, inherently immoral acts which if committed by them against others or if committed by others against their husbands would bring down condign punishment upon the offender under the laws denouncing the serious crimes of embezzlement and forgery. Such a conclusion on our part could not but encourage and multiply the commission of such acts, thus bringing into some households at least the very strife and dissension which it is the purpose of some of the decided cases to prevent, through arguments unconvincing, unsound and illogical.

Another circumstance may be looked to as indicating the inapplicability of the cases with which we have already indicated our positive disagreement. In jurisdictions in which it has been determined that either spouse cannot commit larceny of or arson against the property of the other it is also held that neither can maintain a tort action to recover damages for the wrongful act of the other against the person. In fact, the authorities on these two questions generally go hand in hand, there being some exceptions because of the language of particular statutes. The rule is different everywhere as to the right of either spouse to maintain a civil action to recover separate property of that spouse which has been appropriated by the other, or to recover its value. Either a husband or a wife may maintain such an action against the other as freely as he or she might maintain a similar action against a third person (*Peters* v. *Peters*, 156 Cal. 32 [23 L. R. A. (N. S.) 699, 103 Pac. 219]). In such a case a spouse may drag the family skeleton from its closet and exhibit it to the public view, thus precipitating the domestic warfare which the cases that we decline to follow would have us believe might never otherwise arise. We repeat, however, that the authorities are uniform upon the proposition that such actions may be maintained. In fact, such a rule is necessary to the maintenance of the separate property rights of husband and wife. Upon this consideration alone we might almost venture to base a decision favorable to appellant, for it surely would be strange if the husband of respondent could maintain an action against her for the recovery of any money which she may have appropriated to her use after he had intrusted her with its possession, and the people at the same time be precluded from the maintenance of a criminal action against her upon the score of embezzlement.

On the whole, we conclude upon reason and from the face of the various sections of the codes to which we have referred that when the legislature used the expressions "any person," "every person" and "a person" in sections 470, 503, 506 and 507 of the Penal Code it meant to include in substance, and not merely in form, both wives and husbands. Our views, however, find substantial support in decided cases, a few of which we shall take the space to cite (*Garrett* v. *State*, 109 Ind. 527 [10 N. E. 570]; *Beasley* v.

*State,* 138 Ind. 552 [46 Am. St. Rep. 418, 38 N. E. 35];
*Hunt* v. *State,* 72 Ark. 241 [105 Am. St. Rep. 34, 2 Ann.
Cas. 33, 65 L. R. A. 71, 79 S. W. 769]; *Brown* v. *Brown,* 88
Conn. 42 [Ann. Cas. 1915D, 70, 52 L. R. A. (N. S.) 185,
89 Atl. 889]; *State* v. *Shaw,* 79 Kan. 396 [131 Am. St.
Rep. 298, 21 L. R. A. (N. S.) 27, 100 Pac. 78]; *Fiedler*
v. *Fiedler,* 42 Okl. 124 [52 L. R. A. (N. S.) 189, 140
Pac. 1022].) Some of these cases proceed partly and some
wholly upon the different position in which legislatures
have placed wives in relation to property rights, as con-
trasted with the servile *status* occupied by them at common
law. Because of the construction which we have placed
upon our criminal statutes we have not found it necessary
to discuss this phase of the question involved in the present
appeal. It is sufficient for us to say that the California
legislature has granted to women at least as full a measure
of right in the acquisition, holding and disposition of prop-
erty and with reference to the making of contracts gen-
erally, as well as in matters of civic or political concern,
as have the legislatures of the generality of the states. It
is doubtless because of this emancipation of woman from
the disabilities under which she so long labored that the
legislature has cast our criminal law in the form in which
we have found it to be.

Respondent has called to our attention the cases of *Sesler*
v. *Montgomery,* 78 Cal. 486 [12 Am. St. Rep. 76, 3 L. R. A.
653, 21 Pac. 185]; *People* v. *Miller,* 82 Cal. 107 [22 Pac.
934]; *Henley* v. *Wilson,* 137 Cal. 273 [92 Am. St. Rep. 160,
58 L. R. A. 941, 70 Pac. 21], and *Peters* v. *Peters,* 156 Cal.
32 [23 L. R. A. (N. S.) 699, 103 Pac. 219]; but we find
nothing in the opinion in any of them which precludes the
conclusion at which we have arrived.

Order reversed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on January 18, 1923.

All the Justices concurred.