[Crim. No. 1680.   First Appellate District, Division One.—August 29, 1933.]

THE PEOPLE, Respondent, v. FLORENCE B. MAC-MULLEN et al., Appellants.

William F. Herron and Edward McDonald for Appellants.

U. S. Webb, Attorney-General, and Ralph O. Marron, Deputy Attorney-General, for Respondent.

BURROUGHS, J., *pro tem.*—The appellants, Florence B. MacMullen and Thomas D. MacMullen, are husband and wife. They were jointly indicted by the grand jury of the city and county of San Francisco with Pansy B. Connor and Herschel M. Connor, who are also husband and wife, and accused of the crime of conspiracy to commit grand theft. Each one of the four defendants entered a plea of not guilty to the charge. They were tried together, and, acting on the advice of the court, the jury returned a verdict of not guilty as to Mr. and Mrs. Connor. After deliberation the jury found the other two defendants guilty. From the order denying their motion for a new trial and the judgment of the court sentencing them to the state prison, they have appealed to this court.

It is contended by the appellants that as a husband and wife are in law regarded as one person, and two persons are necessary to commit the crime of conspiracy, the acquittal of Mr. and Mrs. Connor also entitled them to an acquittal.

That the question thus presented may be better understood, it is undisputed that it is the law that on a charge of conspiracy even though but one person is indicted, the statement of the offense in the indictment must show that two or more persons, even though the other person or persons are unknown, did in fact conspire together to commit the crime. Upon a trial for the offense the evidence must show that at least two of the persons named in the charging part of the indictment committed the offense because the gist of the offense is the conspiracy. If these elements are not present then a conviction cannot be had. Section 182 of the Penal Code provides that if two or more persons conspire to commit any crime (and the crime here charged is grand theft), they are guilty of a felony.

In *People* v. *Richards*, 67 Cal. 412, 413 [7 Pac. 828, 829, 56 Am. Rep. 716], it is said: "No one can dispute, or ever has disputed, that the offense cannot be committed by one alone, and it would seem that the husband and wife were one in the sense that they could not conspire without the

cooperation of another at least.'' It is further said in this case, citing from Wharton's Criminal Pleading and Practice, ''In an indictment for conspiracy less than two cannot possibly be joined; a wife and a husband together not being sufficient. . . . ''

In *People* v. *Miller*, 82 Cal. 107 [22 Pac. 934], a man and wife were charged with criminal conspiracy and convicted by the jury. On appeal to the Supreme Court the sole contention was made that the information did not accuse the appellant of any crime because, a man and his wife being in law but one person, no prosecution for a conspiracy can be maintained against them. It was held: ''That such was the rule of the common law we cannot doubt, and we find nothing in the code or the statutes of this state to indicate an intention of the legislature to change it.''

In the case of *Dawson* v. *United States*, 10 Fed. (2d) 106, decided by the United States Circuit Court of Appeals, Ninth Circuit, on January 18, 1926, in a case arising in the state of Idaho, a man and a woman, claiming to be husband and wife, were charged with conspiracy to violate the White Slave Act. On a trial of the charge, evidence was admitted from which the jury could have found as a fact that the parties charged were husband and wife, and an instruction was offered on their behalf in the following language: '' 'That if you find from the evidence that the defendants were man and wife during the period covered by the first count or charge in the indictment, and the evidence herein, you should find both defendants not guilty on that count. The charge is one of conspiracy to commit crime, and it is not legally possible for a wife so to conspire with her husband, nor a husband with his wife.' An exception was reserved, and error is assigned on the refusal of this request. . . . In 12 C. J. 543, it is said: 'It has been uniformly held that as husband and wife are considered one in law they cannot be guilty of a conspiracy.' In 2 Bishop on Criminal Law (9th ed.) section 187, the law is thus stated: 'Husband and wife, being regarded in law as one person, cannot without other combination commit this offense. But where there is another conspirator a wife may be joined with her husband in the indictment.' The same rule is announced in a note in 4 A. L. R. 282. The language of these text-writers is supported by the following

decisions: *People* v. *Miller,* 82 Cal. 107 [22 Pac. 934]; *Merrill* v. *Marshall,* 113 Ill. App. 447, 456; *Worthy* v. *Birk,* 224 Ill. App. 574, 583; *Commonwealth* v. *Allen,* 24 P. Co. Ct. R. 65, 66; *State* v. *Clark,* 9 Houst. (Del.) 536, 540 [33 Atl. 310]. The law is held to be otherwise in *Smith* v. *State,* 48 Tex. Cr. R. 233 [89 S. W. 817, 820, 821], and *Dalton* v. *People,* 68 Colo. 44 [189 Pac. 37]. The common-law rule unquestionably supports defendants' contention; a rule so well established and so generally recognized by the modern authorities should not be judicially repealed. We think the requested instruction should have been given. The government relies on *Wilson* v. *U. S.,* 232 U. S. 563 [34 Sup. Ct. 347, 58 L. E. 728]. This was not a conspiracy case. The court affirmed the conviction of a man and wife charged with violation of the White Slave Act.''

In *People* v. *Eppstein,* 108 Cal. App. 72, 80 [290 Pac. 1054, 1058], while the point in issue was not directly involved, the court says: ''It is true that it was flatly held in *People* v. *Miller* that a prosecution will not lie for the specific crime of conspiracy where the only parties charged with participating in it are husband and wife. No conspiracy as such has in the present case been charged in the information.''

The People concede that by force of the decision in the case of *People* v. *Miller, supra,* the appellants would be entitled to an acquittal except that since the rendition of that decision the status of married women has undergone a great change; and although at common law the wife was little more than a chattel, at the present time she occupies before the law practically the same status as the male. In support of this contention certain changes in the law relating to the civil rights and duties of women are cited, but these do not purport to affect the criminal responsibility of women.

In the cases of *Smith* v. *State, supra,* and *Dalton* v. *People, supra,* relied upon by the People, it was held that the common-law rule has been abrogated by statute. But in *People* v. *Miller, supra,* after referring to the common-law doctrine, it is said: ''We find nothing in the code or statutes of this state to indicate an intention of the legislature to change it.''

It is worthy of remark that section 26 of the Penal Code makes all persons capable of committing crime with certain exceptions, one being married women who, acting under the threats, command or coercion of their husbands, commit acts declared by the code to be misdemeanors; and that section 182 of the same code, defining conspiracy, adds no exceptions to those contained in the above section.

In *People* v. *Graff,* 59 Cal. App. 706 [211 Pac. 829], a similar question was considered, namely, whether a married woman could commit the crime of embezzlement if her alleged criminal acts concerned the property of her husband. It was held that she might be guilty of the offense under such circumstances, and a hearing was denied by the Supreme Court. However, *People* v. *Miller, supra,* has never been overruled, and until this is done we are bound to follow that decision. (*Canadian Bank of Commerce* v. *Leale,* 14 Cal. App. 307 [111 Pac. 759]; *Eddlemon* v. *Southern Pac. Co.,* 41 Cal. App. 340 [182 Pac. 811]; *Blair* v. *Williams,* 86 Cal. App. 676 [261 Pac. 539]; *Capron* v. *West,* 114 Cal. App. 633 [300 Pac. 149].) Nevertheless, it appears to us that the question merits further consideration by that court or by the legislature.

For the reasons stated, the order and judgment appealed from are reversed and the cause remanded.

Tyler, P. J., and Cashin, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1933.

Seawell, J., and Curtis, J., dissented.