[Crim. No. 8152. In Bank. Oct. 29, 1964.]

THE PEOPLE, Plaintiff and Appellant, v. ED PIERCE et al., Defendants and Respondents.

Stanley Mosk and Thomas C. Lynch, Attorneys General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Plaintiff and Appellant.

Russell E. Parsons for Defendants and Respondents.

TRAYNOR, C. J.—The People appeal from an order of the trial court dismissing count 1 of an information charging defendants, husband and wife, with conspiracy (Pen. Code, § 182, subds. 1 and 4) to violate Corporations Code section 26104, subdivision (a), and to commit grand theft (Pen. Code, § 487, subd. 1).[1]

---

[1]Counts 2 and 3 charged defendants with violations of Corporations Code section 26104, subdivision (a), and Penal Code section 487, subdivision 1.

It has been the rule in this state since 1889 (*People* v. *Miller*, 82 Cal. 107, 108 [22 P. 934]) that when spouses conspire only between themselves, they cannot be prosecuted for conspiracy. (See also *People* v. *MacMullen*, 134 Cal.App. 81, 83-85 [24 P.2d 794].) The rule was based on the common-law fiction that a husband and a wife are one person. (1 Blackstone Commentaries *442; 2 Blackstone, Commentaries *433.) The supposed merger precluded their conviction for conspiracy, which requires "two or more persons." (Pen. Code, § 182.)[2]

The fictional unity of husband and wife has been substantially vitiated by the overwhelming evidence that one plus one adds up to two, even in twogetherness. Thus, one spouse may recover against another in tort. (*Self* v. *Self*, 58 Cal.2d 683 [26 Cal.Rptr. 97, 376 P.2d 65]; *Klein* v. *Klein*, 58 Cal.2d 692 [26 Cal.Rptr. 102, 376 P.2d 70].) The reasoning is that if he tortiously injures her, or vice versa, he or she does so independently of her or him. The tortfeasor, though perhaps not quite himself or herself at the time of the tort, is clearly not one with the injured spouse. Indeed, the latter emerges more separate than ever, now that injury has been added to the usual marks of identity.

Likewise either spouse may be convicted of his or her crime against the other. Thus, a husband can be convicted for inflicting corporal injury upon his wife (Pen. Code, § 273d), for placing her in a house of prostitution (Pen. Code, § 266g), or for failing to support her (Pen. Code, § 270a). Either spouse may be convicted of his or her crime against the property of the other. (*People* v. *Graff*, 59 Cal.App. 706, 712 [211 P. 829].) A husband and a wife may both be convicted of conspiracy when a third person is a party to the conspiracy. (*People* v. *Mason*, 184 Cal.App.2d 317, 367-368 [7 Cal.Rptr. 627], cert. den. 366 U.S. 904 [81 S.Ct. 1046, 6 L.Ed.2d 203].) Moreover, it has been held that a husband can be convicted of conspiracy with others against his wife (*People* v. *Brown*, 131 Cal.App.2d 643 [281 P.2d 319]), and

[2] The rule that a husband and a wife cannot be prosecuted for conspiracy was questioned early in this century (*Smith* v. *State* (1905) 48 Tex.Crim.Rep. 233, 239-240 [89 S.W. 817, 820-821]) and was first judicially rejected in 1920 (*Dalton* v. *People*, 68 Colo. 44, 47 [189 P. 37, 38]). Since then, two other states (*Marks* v. *State* (1942) 144 Tex. Crim.Rep. 509, 514 [164 S.W.2d 690, 692]; *People* v. *Martin* (1954) 4 Ill.2d 105, 109 [122 N.E.2d 245, 246]) and the Supreme Court of the United States have rejected it. (*United States* v. *Dege* (1960) 364 U.S. 51, 54-55 [80 S.Ct. 1589, 4 L.Ed.2d 1563, 1565-1566].)

the logic of this rule would extend to a wife who conspires with others against her husband.

 The present case involves, not one spouse who has conspired with third persons against the other spouse, but a husband and wife who together have conspired against others. They now raise the stale contention that they should be protected from the law of conspiracy in the interest of their domestic harmony. The law, however, poses no threat to their domestic harmony in lawful pursuits. It would be ironic indeed if the law could operate to grant them absolution from criminal behavior on the ground that it was attended by close harmony. Their situation is akin to that of a husband and wife who can both be punished for committing a crime when one abets the other. (*People* v. *Eppstein,* 108 Cal.App. 72, 80 [290 P. 1054].) Moreover, even in such situations domestic harmony is amply protected, since, with certain exceptions not relevant here, one spouse cannot testify against the other without the consent of both. (Pen. Code, § 1322.)

It would be specious to distinguish the present case, involving the conspiracy of a husband and wife against others, on the ground that however separate their identities, they must be deemed one when they act together for a common objective. If such an argument could be invoked to absolve people linked in marriage it could as readily be invoked to absolve people linked in any other close association, as in a secret society. Of course the closeness of the association intensifies the conspirator's involvement, but it is hardly reasonable to absolve a conspirator from responsibility on the ground that he had an exceptionally high interest in bringing the conspiracy to fruition. Any conspirator may sacrifice much, and perhaps most, of his personality for that objective. His very role as a conspirator is likely to be at odds with his individuality, whether he be a spouse, a bachelor, or a spinster. There is nothing in the contemporary mores of married life in this state to indicate that either a husband or a wife is more subject to losing himself or herself in the criminal schemes of his or her spouse than a bachelor or a spinster is to losing himself or herself in the criminal schemes of fellow conspirators. Spousehood may afford a cover for criminal conspiracy. It should not also afford automatically a blanket of immunity from criminal responsibility.

Certainly there should be no automatic immunity on the assumption that a wife invariably acts under the compulsion

of her husband, particularly in view of the advanced status of married women in this state. (See *United States* v. *Dege, supra,* 364 U.S. 51, 53 [80 S.Ct. 1589, 4 L.Ed.2d 1563, 1565].) It bears emphasis that, conversely, courts still have the responsibility to guard against applying the law of conspiracy to a wife solely on the ground that she has acted without compulsion. There may be situations where a wife is aware of her husband's illegal activity and even passively helpful to him in the everyday acts incident to marriage. ▮ Nevertheless she is not a conspirator unless her actions amount to active participation transcending acts that ''would technically be sufficient to involve her in a criminal conspiracy with him, but which might be far removed from the arm's-length agreement typical of that crime.'' (*United States* v. *Dege, supra,* 364 U.S. 51, 57-58 [80 S.Ct. 1589, 4 L.Ed.2d 1563, 1567] (dissenting opinion); see also *Krulewitch* v. *United States,* 336 U.S. 440, 445 [69 S.Ct. 716, 93 L.Ed. 790, 795] (concurring opinion).)

▮ Defendants finally contend that the long-established rule formulated by this court that would afford them immunity, should not now be overruled except by the Legislature. In effect the contention is a request that courts abdicate their responsibility for the upkeep of the common law. That upkeep it needs continuously, as this case demonstrates. In view of the fact that the fiction underlying the rule in question has long been dead, we overrule *People* v. *Miller, supra,* 82 Cal. 107, and disapprove *People* v. *Mac-Mullen, supra,* 134 Cal.App. 81. We hold that even when a husband and wife conspire only between themselves, they cannot claim immunity from prosecution for conspiracy on the basis of their marital status.

The order is reversed.

McComb, J., Peters, J., Tobriner, J., Peek, J., Schauer, J.,* and Dooling, J.,* concurred.

---

*Retired Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.