[Civ. No. 49129. Second Dist., Div. Five. June 13, 1977.]

RUTH LERNER, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JUAN RAMIREZ et al., Real Parties in Interest.

**COUNSEL**

Stephen J. Grogan and Robert E. Long for Petitioner.

No appearance for Respondent and for Real Parties in Interest.

## OPINION

**KAUS, P. J.**—Petition for a writ of mandate to compel the respondent court to vacate its ruling denying petitioner's motion for a summary judgment and to make an order granting that motion.

Real parties in interest, plaintiffs below, filed an action for personal injuries and wrongful death arising out of an accident in Tijuana, Mexico, on July 27, 1972. Petitioner, defendant below, is sued as the alleged driver and owner of a certain Dodge automobile involved in the accident. It appears, however, that any contention that she is liable other than as the owner has been abandoned. The record does not show whether the actual driver of the Dodge is known.

The motion for summary judgment is based on the premise that at the time of the accident defendant was no longer the owner within the meaning of Vehicle Code section 17150, having complied with the requirements of section 5602 of that code.[1]

In support of her motion for summary judgment, defendant submitted five declarations: Her own, her husband's, her daughter's, her insurance agent's and her attorney's.

The key declaration is plaintiff's own. It alleges in substance: Before June 27, 1972, she was the sole owner of the Dodge. She advertised it for sale in a newspaper. On June 25 or June 26, she sold it to a young man, whose name and address she wrote down. She has, however, mislaid the piece of paper and cannot recall the name or address of the buyer. The buyer paid $1,125 in cash. She dated and signed the pink ownership certificate and the white registration certificate and gave them to the buyer who drove away in the automobile. A few days later, she mailed him an extra set of keys. On June 27, she cancelled her insurance on the

---

[1]Vehicle Code section 5602 reads as follows:

"An owner who has made a bona fide sale or transfer of a vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this code be deemed the owner of the vehicle so as to be subject to civil liability for the operation of the vehicle thereafter by another when the owner in addition to the foregoing has fulfilled *either* of the following requirements:

"(a) When he has made proper endorsement and delivery of the certificate of ownership and delivered the certificate of registration as provided in this code.

"(b) When he has delivered to the department or has placed in the United States mail, addressed to the department, either the notice as provided in Section 5900 or Section 5901 or appropriate documents for registration of the vehicle pursuant to the sale or transfer." (Italics added.)

Dodge. On or about the date of the sale, she also mailed a form to the motor vehicle department advising it of the sale. The form included the name of the purchaser. She knows nothing about the accident in question.

The declaration of defendant's husband corroborates her in relevant part. Specifically it recites: "I saw my wife date and sign the pink certificate of ownership and the white registration certificate and deliver these documents to the young man at that time and she gave him possession of the car, which he drove away from our residence on that day." The daughter's declaration also corroborates that of defendant, except that the daughter could not "positively recall" the delivery of the pink slip and the registration certificate.

The insurance agent's declaration confirms the cancellation of insurance on June 27.

The attorney's declaration admits that "the Motor Vehicle Department . . . has no record of receiving the . . . notice of the sale prior to said accident."

The petition alleges that the motion for summary judgment was denied on the ground that "the knowledge regarding execution of the registration and ownership documents and transfer of the automobile to the unknown person" was exclusively that of defendant, her husband and her daughter; hence, the court "was reluctant to foreclose the plaintiffs, even in the absence of declarations in opposition to the Motion for Summary Judgment."

Plaintiffs have not appeared in this court. We do, however, have the benefit of their written opposition to the motion for summary judgment filed in the respondent court.

## DISCUSSION

■ The declarations of defendant and her husband set forth all the necessary requirements for relieving defendant of her exposure under section 17150 of the Vehicle Code. They show a bona fide sale and delivery of the Dodge, as well as compliance with the alternative requirement of subdivision (a) of section 5602 of the Vehicle Code: Proper endorsement and delivery of the certificate of ownership and delivery of the certificate of registration. It is, therefore, immaterial that

compliance with the statutory alternative under subdivision (b)—delivery or mailing of a notice to the Department of Motor Vehicles—is not shown by any declaration except defendant's own. (*Coleman* v. *Fitzgerald* (1967) 252 Cal.App.2d 58, 61-62 [60 Cal.Rptr. 173]; *Woods* v. *Eastridge* (1950) 99 Cal.App.2d 625, 628-629 [222 P.2d 296].)

The only apparent—and not unreasonable—justification for denying defendant's motion for summary judgment was that announced by the respondent court: that plaintiffs should not be deprived of the benefit of cross-examination. In this the court echoed the holding of *Frye* v. *Felder* (1966) 246 Cal.App.2d 136, 139 [54 Cal.Rptr. 627], where a summary judgment was reversed because the moving papers raised "a serious question of credibility . . . ." Defendant's declarations do, of course, raise an issue of credibility: the fact that the Department of Motor Vehicles did not receive the notice which defendant swears she mailed, creates a doubt as to the fact of mailing and, hence, as to her credibility.[2]

The problem is, however, that *Frye* v. *Felder* was put out to pasture by the changes to section 437c of the Code of Civil Procedure, enacted by the 1973 Legislature (Stats. 1973, ch. 366, § 2). Section 437c now specifically provides as follows: "If a party is otherwise entitled to a summary judgment pursuant to the provisions of this section, summary judgment *shall not be denied on grounds of credibility* or for want of cross-examination of witnesses furnishing affidavits or declarations in support of the summary judgment, except that summary judgment may be denied in the discretion of the court, where the only proof of a material fact offered in support of the summary judgment is an affidavit or declaration made by an individual who was the sole witness to such fact; . . ." (Italics added.)

Defendant's moving papers clearly satisfied section 437c as revised in 1973. The credibility issue must be ignored. The discretionary power to deny the motion for summary judgment does not apply, since proof of all material facts was offered by the declarations of two witnesses—defendant and her husband. We presume that any notion that those two declarations are, in law, only one disappeared with *People* v. *Pierce* (1964) 61 Cal.2d 879, 880 [40 Cal.Rptr. 845, 395 P.2d 893]: "The fictional

---

[2]We realize that no issue of *credibility* would be apparent if defendant had not made *the substantively* unnecessary declaration that she mailed a notice to the department.

unity of husband and wife has been substantially vitiated by the overwhelming evidence that one plus one adds up to two, even in twogetherness."

Let a writ of mandate issue as prayed.

Stephens, J., and Ashby, J., concurred.