[Civ. No. 13191.   Second Dist., Div. Two.   May 26, 1942.]

WILLIAM D. LeGRAND et al., Respondents, v. LAMBERT P. RUSSELL et al., Defendants; NATHAN SMITH, Third Party Claimant and Appellant.

John J. Craig for Appellant.

Faries & Williamson, Fulton W. Hoge, J. M. McCroskey and Kenneth O. Rhodes for Respondents.

STEPHENS (JESS E.), J. pro tem.—This is an appeal by third party claimant from a judgment of the trial court based upon findings that a certain automobile was the property of defendant C. T. Kennedy and not of appellant.

It appears from the record that appellant was employed by Kennedy, a building contractor engaged in constructing a number of dwelling houses, and that on October 12, 1940, appellant purchased the automobile in question (a small, used Ford truck) from Kennedy for the sum of $150, paying $30 cash and the balance in installments which were completed December 2, 1940. On the latter date appellant received the "pink slip," endorsed by Kennedy, and mailed it to the Department of Motor Vehicles with the accompanying fees and requested that a new one be issued in his name. This new pink slip was issued by the department on December 13, 1940. On December 12, 1940, the sheriff levied upon and took possession of the automobile pursuant to a writ of execution issued upon a long-standing judgment against defendant Kennedy.

Respondents rely upon section 186 of the Vehicle Code and the case of *Coca Cola Bottling Co.* v. *Feliciano,* 32 Cal. App. (2d) 351 [89 P. (2d) 686]. Section 186 of the Vehicle Code at the time in question read as follows: "No transfer of the title or any interest in or to a vehicle registered hereunder shall pass nor shall delivery of any said vehicle be deemed to have been made and any attempted transfer shall not be effective for any purpose until transfer of registration is made and the department has issued a new certificate of ownership and registration card with respect thereto as provided herein, except as a transferor may be estopped by law to deny a transfer and except as provided in sections 178 and 180 hereof and in chapter 3 of this division."

It is clear that inasmuch as Kennedy, the transferor, had received the full amount of the purchase price and had delivered the pink slip to the buyer prior to the levy, he was estopped, as against the buyer, to deny the transfer. He therefore comes within the exception provided in the above section of the code. The judgment creditor takes no better title than his judgment debtor, and is likewise estopped.

(*Carpenter* v. *Devitt,* 49 Cal. App. (2d) 473 [122 P. (2d) 79], and cases cited therein.) As stated in the latter case, the matter of this exception was not discussed or passed upon in the case of *Coca Cola Bottling Co.* v. *Feliciano, supra.*

Some contention is made that there was not a continuous change of possession as required by section 3440 of the Civil Code. However, the evidence as shown by the bill of exceptions is insufficient to sustain this claim. The undisputed testimony of the third party claimant (the buyer) is that he took immediate possession when he purchased, and that no one thereafter drove the car excepting himself and his son. He kept it stored at his home. He was in the carpenter contracting business, doing work for Kennedy (the seller) in the building of houses on a tract of land owned by the latter. In doing this work he occasionally left the automobile in different garages appurtenant to these houses. Apparently this was a matter of convenience in carrying on his work. It was in one of these when the sheriff seized it. This would not justify a finding that there was not a bona fide and sufficient change of possession as required by Civil Code section 3440. The injustice of declaring the transfer void on the basis of this section becomes apparent when it is remembered that the primary purpose of such a statute is to protect creditors who may have relied upon the continued ownership of the personal property in question; whereas in the instant case the judgment (totaling $9,866.56) was obtained seven years and nine months prior to the transfer of this used light truck, which sold for $150.00.

The judgment appealed from is reversed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied June 22, 1942, and respondents' petition for a hearing by the Supreme Court was denied July 23, 1942.