[L. A. No. 19636.   In Bank.   Mar. 28, 1947.]

ESTHER WARGIN, Respondent, v. EMIL WARGIN, De-
fendant; IDA McCLEARY, Third Party Claimant and
Appellant.

Joseph L. Fainer, Jerrell Babb and Louise A. Steele for Appellant.

Ernest Eugene Walker for Respondent.

SHENK, J.—This is an appeal from a judgment against a third party claimant in a proceeding to try title to personal property levied on under a writ of execution.

The defendant, Emil M. (Milan) Wargin, was in arrears in payments to his former wife, the plaintiff Esther Wargin, to the extent of $1,200 of the periodical sums awarded by a decree of divorce for the support of their minor child. On the plaintiff's application a writ of execution issued and, on May 15, 1945, was levied on a Plymouth sedan automobile. Ida McCleary, mother of Ona Wargin, the defendant's present wife, filed a verified third party claim, averring that she was the sole owner of the automobile. A proceeding to try title followed. It was the judgment of the court that Ida McCleary was not the owner of the automobile. From that judgment she prosecutes this appeal.

It is unquestioned that about February 21, 1945, there was an attempt to transfer title to the automobile from Milan Wargin, in whose name title stood, to Ida McCleary. It is also without dispute that prior to the levy of the writ of execution a transfer of the title was not effected in accordance with the requirements of section 186 of the Vehicle Code. That section provides that any attempted transfer shall not be effective unless and until the parties have fulfilled the prescribed requirements.

The appellant urges that the judgment creditor stands in the shoes of the judgment debtor in respect to ownership of the property. She contends that the doctrine of estoppel applies to the defendant in the attempted transfer, and that therefore the plaintiff as the judgment creditor is also precluded from denying the title of the transferee.

The appellant relies on the rule of estoppel expressly announced in section 186 of the Vehicle Code in 1935 (Stats. 1935, p. 93, 118) but deleted in 1943 (Stats. 1943, p. 3072). In the period between those years the section provided that an attempted transfer of ownership of a motor vehicle should not be effective for any purpose until the transfer of registration was made and the required certificates issued, "except as a transferor may be estopped by law to deny a transfer." It may be assumed that the omission of the quoted provision in the section as it now reads did not change the law regarding the application of the principles of estoppel in proper cases. The correctness of the invoked doctrine as a principle of law has been recognized. (See *Kenny* v. *Christianson*, 200 Cal. 419, 423 [253 P. 715, 50 A.L.R. 1297] ; *Parke* v. *Franciscus*, 194 Cal. 284, 297 [228 P. 435] ; *Boles* v. *Stiles*, 188 Cal. 304, 306 [204 P. 848] ; *LeGrand* v. *Russell*, 52 Cal.App.2d 279 [126 P.2d 136] ; *Carpenter* v. *Devitt*, 49 Cal.App.2d 473 [122 P.2d 79] ; *Bank of America* v. *National Funding Corp.*, 45 Cal.App.2d 320, 330-331 [114 P.2d 49] ; *Dennis* v. *Bank of America*, 34 Cal.App.2d 618, 623-624 [94 P.2d 51] ; *Pacific Acceptance Corp.* v. *Jones*, 95 Cal.App. 365, 370 [272 P. 1084].) It is necessary, however, for the appellant to present a factual basis for its application.

The court in the proceeding to try title heard all of the evidence offered on the issue of estoppel. There remains only the question whether the evidence supports the judgment on that issue.

At the time of the foregoing events Ida McCleary was seventy years of age. Prior to the latter part of January, 1945, she lived with her husband in Texas. Early in that month upon request she telegraphed the sum of $1,900 to the defendant, whom she had twice theretofore met. The defendant's letter of request was not produced. It was said to have been destroyed. There was testimony to the effect that the transaction was a loan.

The McClearys came to California in January, 1945, and took up separate living quarters in the apartment house where the Wargins resided. On February 21, 1945, the defendant executed to Ida McCleary a bill of sale of the automobile for which he accepted a receipt crediting $895 on the $1,900 "loan." The defendant did not purchase another car.

The financial circumstances of the McClearys were not shown. It was admitted that in the past they received small

gifts of money from the defendant. Neither of the McClearys could drive the car. A set of keys was retained by Ona, the defendant's wife, who used the car and conveyed the Mc-Clearys in it. No change was made in the storage of the automobile, except that receipts for garage rent were issued in the name of Ida McCleary. By his own admissions the defendant was insolvent at the time of the execution of the bill of sale to Ida McCleary.

The evidence supports the conclusion that there was no transfer of ownership upon which an estoppel could properly be based. The credibility of the witnesses was for the trial court. The record, including the inferences that could reasonably be drawn from the evidence, justifies the implied findings and conclusions that there was in fact not a loan from Ida McCleary to the defendant; or, if there was, that the attempted transfer of ownership of the automobile was for purposes of security only; that there was no change of possession of the automobile; and that by the bill of sale there was no intention in fact that the defendant should relinquish any right of ownership or possession.

There can be no room for the application of the doctrine relied on by the appellant where there is no bona fide change of ownership and possession. Section 3440 of the Civil Code provides that every transfer of personal property (with exceptions not pertinent here) "is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession. . . ."

The court could justifiably conclude that there was no factual basis upon which the defendant could be estopped to deny the claim of ownership of Ida McCleary, and that the issue of ownership was then controlled by the provisions of section 186 of the Vehicle Code. Since the provisions of that section were not complied with, the defendant was still the owner of the car. There was therefore no error in the judgment that Ida McCleary, as third party claimant, was not the owner of the automobile.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.