[Civ. No. 3961. Fourth Dist. Sept. 25, 1950.]

WILLIE H. WOODS et al., Plaintiffs and Appellants, v. GLADYS EASTRIDGE et al., Defendants; BETTY A. PIERCE, Defendant and Appellant.

Charles B. Provence and William F. Reed for Plaintiffs and Appellants.

Burton D. Wood for Defendant and Appellant.

GRIFFIN, Acting P. J.—This action arose out of an automobile collision in which the plaintiff Willie H. Woods was the driver, plaintiff Otis Nelson was the guest in that car, defendant Gladys Eastridge was the driver, and defendant Betty A. Pierce was the alleged owner of the other car. After a trial by the court a judgment was entered on September

14, 1948, in favor of plaintiff Woods for $1,316, and in favor of plaintiff Nelson for $1,000 against defendant Betty A. Pierce, based on a finding that Betty A. Pierce was the owner of the car which was being driven by defendant Gladys Eastridge. During the trial defendant Gladys Eastridge was dismissed from the action, as were the fictitious defendants. Thereafter, defendant Pierce made a motion under sections 663 and 663a of the Code of Civil Procedure for an order setting aside and vacating the judgment and directing another and different judgment, which motion was granted by an order dated December 13, 1948. A second judgment, so signed, amended the conclusions of law by finding that the defendant Pierce, at the time of the accident, was not the owner of the automobile responsible for plaintiffs' injuries, and directed a judgment in favor of the defendant Betty A. Pierce. On February 3, 1949, plaintiffs appealed from the order granting the motion setting aside the judgment and from the judgment that followed. On February 24, 1949, defendant Betty A. Pierce appealed from the original judgment entered on September 14, 1948, pursuant to rule 3(b) (2), Rules on Appeal. The appeals are on the judgment roll.

Plaintiffs first claim that the judgment made by the trial court, entered on September 14, 1948, which was in favor of plaintiffs, became final, so that it would deprive the trial court of jurisdiction to make and enter the second judgment.

It is argued that under rule 2 of the Rules on Appeal, the notice of appeal should have been filed within 60 days from the date of entry of the judgment unless extended by rule 3; that since the judgment was entered on September 14, 1948, in computing the time, September 14 is counted as the first day, and under this computation the 60 days would expire on November 12. Therefore, since the motion to set aside the judgment was not filed until November 13, it did not extend the time under rule 3, and the original judgment became final and the court had no jurisdiction to set it aside and make a different judgment, citing *Municipal Improvement Co.* v. *Thompson*, 201 Cal. 629, 632 [258 P. 955]. We see no merit to this argument. Section 12 of the Code of Civil Procedure provides that the time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded (see 24 Cal.Jur. p. 579, § 9). This section has been construed as applicable to the filing of a

notice of appeal, *Hoover* v. *Sweitzer,* 34 Cal.App.2d 441 [93 P.2d 831]; as to a motion for new trial, *Payne* v. *Hunt,* 214 Cal. 605 [7 P.2d 302]; and as to the time for filing a verified claim against municipalities, *Shea* v. *City of San Bernardino,* 7 Cal.2d 688, 695 [62 P.2d 365]. See *Ley* v. *Dominguez,* 212 Cal. 587 [299 P. 713], as to a discussion of the holding in *Municipal Improvement Co.* v. *Thompson, supra,* cited by defendant.

Apparently the trial court found, in the first instance, that defendant Pierce's liability was based on her ownership of the car. On the motion to enter a different judgment the court concluded, from the detailed statement of facts found, that she was not an owner within the meaning of section 402 of the Vehicle Code.

The facts found are that defendant Gladys Eastridge negligently operated the automobile in which she was riding and that plaintiffs were injured to the extent mentioned. The court found that plaintiffs were not guilty of contributory negligence; that it was not true that defendant Eastridge was the agent or servant of defendant Pierce in the operation of the automobile. It then specifically found that defendant Pierce purchased the automobile and became the registered owner in August, 1944; that the Pacific Finance Corporation became the legal owner; that in January, 1946, and at all times subsequent to August, 1944, the records of the Department of Motor Vehicles showed defendant Pierce as registered owner and the finance corporation as the legal owner; that in the early part of 1945, defendant Pierce made a bona fide conditional sale of the car to one Luevano, and at the time of making such sale delivered possession of the automobile and of the certificate of registration issued by the department to Luevano; that Luevano had possession of said car and the certificate of registration and that defendant Pierce did not at any of said times have possession or use thereof or of said certificate of registration; that on November 15, 1945, the finance company endorsed the certificate of ownership in such manner as to effect a relinquishment of its rights as legal owner and delivered the said certificate of ownership, so endorsed, to defendant Pierce; that defendant Pierce had possession of the certificate of ownership so endorsed at all times subsequent to November 15, 1945, until approximately the hour of 5 o'clock p.m. of January 5, 1946; that on January 5, at the hour mentioned, Luevano

delivered and paid to defendant Pierce the balance due from him to her on account of the purchase price of the automobile pursuant to a conditional sales agreement; that at that hour defendant Pierce properly endorsed the certificate of ownership, so bearing the endorsement of the finance company, as aforesaid, by writing her signature in the appropriate space on the certificate of ownership for the transfer, by the registered owner, of the motor vehicle described, and at the same time delivered the certificate of ownership, as so endorsed by her and the finance company, to Luevano. This transfer and delivery of the certificate of ownership happened approximately three and one-half hours prior to the accident here involved. It then found that prior to the happening of the accident and, without the knowledge of defendant Pierce, Luevano delivered said certificate of ownership, so endorsed by defendant Pierce and the finance company, to defendant Gladys Eastridge; that defendant Eastridge, at some time subsequent to January 5, 1946, and a day or two prior to January 28, 1946, wrote her signature and address on the reverse side of that certificate of ownership in the space provided therefor as transferee and forwarded the certificate of ownership by mail to the Motor Vehicle Department and that it was received in that office on January 28, 1946, and the department then issued a new certificate of ownership showing defendant Eastridge both as registered and legal owner thereof; that defendant Pierce did not give to the department any notice of the transfer of any interest in the automobile except such notice as above mentioned; that defendant Eastridge was driving the automobile with the express permission of Luevano and that defendant Pierce never gave defendant Eastridge permission to operate or drive the car. The amended conclusions then recite that from the facts found defendant Betty A. Pierce was not the owner of the automobile within the meaning of section 402 of the Vehicle Code, and therefore plaintiffs were not entitled to recover from her.

The facts found show that defendant Pierce fully complied with section 178, subdivision 1 of the Vehicle Code as a bona fide sale was made, possession was delivered, and under subdivision 1 thereof, the owner made proper endorsement and delivery of the certificate of ownership and certificate of registration prior to the hour of the accident.

As we construe the plaintiffs' argument, in addition to complying with subdivision 1 of section 178, *supra,* defendant

Pierce was also required to comply with sections 177 and 186 of the Vehicle Code in regard to the sale of her car to Luevano. It is claimed that she failed to have the transfer of title made on the Motor Vehicle Department records and failed to give notice as required by those sections and that such failure to so record the transfer of the vehicle allowed her, under the holding of the trial court, to use section 178 of the Vehicle Code as a shield to defeat the liability imposed upon her under section 402 of the Vehicle Code and that a member of the public who sustains injury, under those circumstances, should be entitled to rely on the records of the Motor Vehicle Department to fix her liability and that defendant Pierce should be estopped from invoking the provisions of section 178, subdivision 1 of the Vehicle Code, citing *Boles* v. *Stiles,* 188 Cal. 304 [204 P. 848], and *Dennis* v. *Bank of America,* 34 Cal.App.2d 618 [94 P.2d 51]. In the last case cited, a fraud of the transferor was involved. The other case involved a car registered in a partnership name. There is no fraud or negligence of the transferor found in the instant action and the instant case is factually dissimilar to the cases cited.

Probably defendant Pierce, for her own protection, should have given the notice provided by section 177 of the Vehicle Code during the period before the sale to Luevano ripened into an absolute sale upon the delivery by her to him of the properly endorsed certificate of ownership. During such period, and in the absence of compliance with that section, she may have been liable for the negligent operation of the automobile. However, that question became moot upon the consummation of an absolute sale and transfer by the delivery of the certificate of ownership, because she was then in a position to, and did comply with the alternative provision by which she could secure relief from liability.

Section 177 of the Vehicle Code does direct that when an owner sells a car and delivers possession thereof, he shall notify the Department of Motor Vehicles on an appropriate form. Section 179 of the Vehicle Code requires the transferee to apply for transfer, when he has received a properly endorsed certificate of ownership and registration card, and make application for transfer of registration. Section 186 of the Vehicle Code provides that no title passes until the parties have fulfilled either of two requirements: (1) The transferor shall have made proper endorsement and delivery of the certificate of ownership and delivery of the registration

card to the transferee, and the transferee has delivered to the department such certificate and card, etc.; or (2) The transferor shall have delivered to or mailed to the department the appropriate documents for the transfer of registration of such vehicle pursuant to such sale (except as provided in section 178). The exception noted in section 178, pertaining to liability for negligence, is that if a bona fide sale is made of a vehicle and possession delivered and the owner either has made a proper endorsement and delivery of the certificate of ownership *"as provided in this code"* or has delivered or mailed to the department either a notice required by section 177, or appropriate documents for registration of such vehicle, he shall not be deemed the owner for the purpose of subjecting such owner to civil liability by reason of such ownership.

Plaintiffs lay considerable stress upon the words "as provided in this code" under subdivision 1, section 178 above italicized. They argue that these words require a compliance with sections 177 and 186 of the Vehicle Code. This same question was presented in *Piacun* v. *Hexem,* 18 Cal.App.2d 145 [63 P.2d 315], and decided adversely to plaintiffs' argument. Those sections deal solely with the transfer of title or interest and declare when such title or interest shall pass. Section 178 of the Vehicle Code is an exception mentioned in subdivision 2 of section 186 and relates solely to the release from liability for negligence of an owner who has made a bona fide sale or transfer of a vehicle. This section is not inconsistent with the other sections mentioned. The provisions of section 178 are not new. Section 45¾ of the Vehicle Act of 1931 (Stats. 1931, ch. 1026) had a similar provision in reference to the owner notifying the Division of Motor Vehicles of a sale, but provided that in the event said notice is given or in the event of the failure to give said notice, an owner who has made a bona fide sale and delivered possession and who has made proper endorsement and delivery of the certificate of ownership, shall not by any provisions of the act, be deemed the owner so as to subject him to liability under section 1714½ of the Civil Code. In 1935 that section was redrafted as section 178 of the Vehicle Code (Stats. 1935, ch. 27, p. 115) and contained a similar provision. In 1941 that section was revised and amended to its present form (Stats. 1941, ch. 1053). The leading case of *Piacun* v. *Hexem, supra* (hearing denied by the Supreme Court), was decided under section 45¾, *supra.* The facts of that case are in many

respects strikingly similar to those of the present case. In its opinion the District Court of Appeal expressly recognized that under the applicable statute, which is essentially the same in substance as the one with which we are here concerned, an owner who has made an unconditional sale or transfer of an automobile and who has made proper endorsement and delivery of the certificate of ownership to the transferee is forthwith relieved from liability. It expressly holds that it is not necessary for him to give any notice to the Motor Vehicle Department. To the same effect is *Weinberg* v. *Whitebone,* 87 Cal.App.2d 319 [196 P.2d 963].

Since there was sufficient compliance with the statute by defendant Pierce relinquishing her ownership liability at the time of the accident and no sufficient finding is made whereby the doctrine of estoppel might be properly applied, no liability could be imposed. To rely on the rule of estoppel in any case involving the transfer of a motor vehicle, a good factual basis must be presented for its application. (*Wargin* v. *Wargin,* 29 Cal.2d 843 [180 P.2d 349]; *Weinberg* v. *Whitebone, supra,* p. 323.)

Since the defendant prevailed on plaintiffs' appeal from the order setting aside the original judgment and from the judgment subsequently entered, defendant's appeal from the original judgment becomes moot and should be dismissed.

Appeal from original judgment dismissed. Order setting aside original judgment, and the judgment thereafter entered affirmed.

Mussell, J., concurred.