[Civ. No. 24318.   Second Dist., Div. Three.   Aug. 31, 1960.]

BERNARD SCHMIDT, as Administrator, etc., Respondent, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

King & Mussell for Appellant.

John F. O'Hara, Richard F. Scott and Anthony T. Oliver, Jr., for Respondent.

SHINN, P. J.—In this action plaintiff Schmidt, as administrator of the estate of Lawrence E. Stephens, deceased, sought judgment declaring that the estate is indemnified by defendant's policy of insurance against liability for damages arising

out of Stephens' operation of an automobile. Plaintiff obtained judgment and defendant appeals.

On June 18, 1956, the automobile was registered to Roberta F. Miller or G. A. Miller as registered owners. They had purchased the car under a conditional sale contract from Al Harmon, Inc. The contract was assigned by Harmon to Pacific Finance Corporation which was registered as legal owner.

October 5, 1956, G. A. Miller entered into an agreement by which he assigned all interest in the car to Stephens. The court found that one of the conditions of the agreement was that it was subject to the consent of Pacific Finance. On the same day Miller and Stephens went to Pacific Finance. Miller signed his name on the reverse side of the registration card (white slip) but did not write down his address, which appeared upon the obverse side; Miller also signed the owner's certificate (pink slip) ; he delivered the white slip and the car to Stephens but did not deliver the pink slip.

Pacific Finance retained the pink slip, took from Stephens a credit statement and informed him he would have to obtain new insurance on the car for himself. October 8th, Stephens had an accident with the car in which he met his death, Wesley M. McGhee was killed, Leslie E. Reedhed was injured and property of Ringly Truck Lines was damaged. The widow of McGhee, Reedhed and Ringly Truck Lines brought an action against the estate seeking recovery for the alleged negligence of Stephens. Defense of the action was tendered to defendant, which refused to defend, and denied liability.

Under the liability policy issued to the Millers, Stephens was covered if at the time of the accident the Millers had not parted with their title and Stephens was using the car with their permission.

The court found that the certificate of transfer was not signed by Pacific Finance as legal owner until October 11th, when it signed both as a legal owner under the Millers and as new legal owner under Stephens. The certificate and an application for reregistration to Stephens as registered owner and Pacific Finance as legal owner were mailed to the Department of Motor Vehicles on October 11th. The court also found that no title had passed to Stephens before the occurrence of the accident.

The briefs contain lengthy discussions of sections 175, 177, 178, 186 and 402 of the Vehicle Code (as such code existed prior to the 1959 Vehicle Code). The court found that none of these sections was complied with prior to October 11th. They

all relate to procedure which is required upon a completed sale of an automobile. Defendant challenges the findings of noncompliance, contending there was sufficient compliance.

It is unnecessary to decide whether there was compliance with code sections which require notice and the filing of documents upon the sale of a car. The court found there was no completed sale prior to the accident and we are in agreement with that finding. The basis of the finding appears to be a provision in the original contract with Harmon that no interest in the contract could be transferred without Harmon's consent. It was reasoned by the court that the provision was applicable to Pacific Finance as Harmon's assignee. The finding that it was a condition of Millers' assignment to Stephens that it was subject to the consent of Pacific Finance is not questioned by defendant.

With respect to the necessity for compliance with the condition defendant says in its brief: "For purposes of relief from the provisions of Vehicle Code, Section 402, the financing and assignment provisions of the agreement of sale need not be fulfilled. The only requirement is compliance with Vehicle Code, Section 178. (*Stoddard* v. *Peirce*, 53 Cal.2d 105 [346 P.2d 774] ; *Venne* v. *Standard Accident Ins. Co.*, 171 Cal.App.2d 242 [340 P.2d 30] ; *Woods* v. *Eastridge*, 99 Cal.App.2d 625 [222 P.2d 296] ; *Piacun* v. *Hexem*, 18 Cal.App.2d 145 [63 P.2d 315].) "

These cases were not concerned with any condition found in a contract of sale. They involved only questions of compliance with requirements of the Vehicle Code for the giving of notice and the filing of documents with the Department of Motor Vehicles in connection with completed, unconditional sales of motor vehicles.

Defendant does not question the force of the condition that the sale was subject to the consent of Pacific Finance. The parties understood that the consent was necessary, that before it was given an investigation of Stephens' responsibility would be made and that Stephens would have to procure new insurance. It appears from the file of Pacific Finance, which was placed in evidence, that Stephens did not procure new insurance. It would appear that Pacific Finance was justified in delaying the giving of consent. In the meantime the policy issued to the Millers remained in force ; otherwise no one would have had protection.

Defendant challenges the finding that Pacific Finance did not consent to the sale prior to October 11th. It relies upon the fact that the date "10-5-56" was written on the pink slip

opposite the signature of Miller and also that of Pacific Finance. This was prima facie evidence that the signatures were affixed on that date, but it was not the only evidence. The October 5th transaction was handled for Pacific Finance by a Mr. Snell, who was called as a witness. Although he was in court, it was stipulated that he would testify that Pacific Finance signed its consent on October 11th. It appeared from his subsequent cross-examination by defendant that he did not handle the transaction after October 5th. This development did not destroy the effect of the stipulation nor that of the circumstantial evidence that the consent was given on the date the documents were mailed to the Department of Motor Vehicles. There was ample evidence to support the findings that the Millers owned the car on October 8th and that Stephens was using it with their permission. It was a proper conclusion that they were all covered by the policy.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.