[Civ. No. 38482. Second Dist., Div. One. Dec. 30, 1971.]

CHARLES NUSS, Plaintiff and Respondent, v.
MORRIS L. PACHT, Defendant and Appellant.

COUNSEL

Rosenfeld & Tucker and Manfred Rosenfeld for Defendant and Appellant.

Browne Greene for Plaintiff and Respondent.

## OPINION

LILLIE, J.—In August of 1967, while operating a motorcycle on a Los Angeles thoroughfare, plaintiff sustained personal injuries in an accident involving a pickup truck driven by Harry Hoffman. Previously, on February 10 of the same year, the truck had been sold to Hoffman by defendant Pacht who, at that time, furnished Hoffman with an endorsed, but admittedly undated, certificate of ownership (§ 5602, subd. (a), Veh. Code); it is also undisputed that the Department of Motor Vehicles was not notified of the above transfer of title until after the accident. Judgment was entered for plaintiff against both Hoffman and Pacht, the damages as-

sessed against Pacht being limited to $10,000, the then maximum amount assessable in his capacity as owner (Veh. Code, § 17151).[1] The judgment recites that findings were not requested. Only Pacht appeals.

■ The sole question is whether Pacht's failure to insert the date of sale on the certificate of ownership upon its delivery to Hoffman subjects him to liability under pertinent sections of the Vehicle Code; we conclude that it does for the following reasons.

Under then section 17150 (formerly § 402), liability was imputed to the owner of an automobile for the negligence of a person operating the vehicle with the owner's express or implied permission, although the theory of "imputed negligence" has since been dropped. When the car is sold, the ordinary seller (as distinguished from a dealer) may protect himself from the foregoing statutory liability either by immediately notifying the Department of Motor Vehicles (§ 5900) or by endorsement and delivery of the certificates of ownership and registration (§ 5602, subd. (a), *supra*)[2] to the buyer. Although section 5900 expressly provides that such notification shall include the date of the transfer or sale, there is no language in section 5602, subdivision (a), or section 5600 requiring that the endorsements be dated; similarly silent are sections 5750 and 5751 which prescribe the procedures for transfer by the legal and registered owner, respectively. In still another statute, however, there is a requirement of a date; thus, section 5753 in pertinent part provides that "It is unlawful for any person to fail or neglect properly to endorse, date, and deliver the certificate of ownership and, when having possession, to deliver the registration card to a transferee who is lawfully entitled to a transfer of registration. . . ."

Defendant points out that section 5753 (formerly § 176) was amended in 1951 to add the word "date," although section 5602, subdivision (a) was left unchanged, to wit, without any requirement that a "proper endorsement" must also be dated. Accordingly, he says, if he made such "proper endorsement" and delivery of the certificates to Hoffman prior to the accident involving plaintiff, it is wholly immaterial that he failed to comply with section 5900, the latter section (as noted already) being simply an alternative method of avoiding liability. (Plaintiff correctly urges such immateriality because section 5602 also uses the words "either of the following . . ."—the second requirement (set forth in (b)) being resort to the provisions of section 5900.) Citing *Swing* v. *Lingo*, 129 Cal.App. 518,

---

[1]All statutes subsequently mentioned are likewise from the Vehicle Code.

[2]Section 5600 likewise deals with transfer of title and manner of endorsement, including delivery of the certificates to the Department of Motor Vehicles, together with fee, for appropriate action.

526-527 [19 P.2d 56], defendant additionally contends that section 17150 should be strictly construed in his favor since it creates a new right of action against a party who would not otherwise be liable.

Turning to the last contention it has been held that the foundation of an owner's liability under section 17150 is the permission, express or implied, given by the owner to another to use the motor vehicle. (*Glens Falls Ins. Co.* v. *Consolidated Freightways,* 242 Cal.App.2d 774, 778-790 [51 Cal. Rptr. 789].) In *Interinsurance Exchange* v. *Ohio Cas. Ins. Co.,* 58 Cal.2d 142, 154 [23 Cal.Rptr. 592, 373 P.2d 640], citing *Peterson* v. *Grieger, Inc.,* 57 Cal.2d 43 [17 Cal.Rptr. 828, 367 P.2d 420], the court stated that "the permissive user statute has been liberally construed." *Peterson* concluded that "former section 402 must in general be liberally construed in accordance with 'the palpable intent of the Legislature to impose a new liability consonant with new conditions.' [Citations.]" (Pp. 50-51.) Such conclusion was reached despite specific mention of *Swing* v. *Lingo, supra,* and other cases in which the court stated, "The asserted rule of strict construction has been legitimately applied. . . ." (Fn. 2.) Standing alone, therefore, the proposition above urged by defendant constitutes no basis for reversal, particularly in light of the discussion which follows.

In *Stoddart* v. *Peirce,* 53 Cal.2d 105 [346 P.2d 774], plaintiffs were injured in an accident involving a car operated by the defendant Manes; earlier Manes had purchased his car from defendant Nance Chevrolet Company which, still earlier, had previously received it from defendant Peirce as a turn-in on another car. Manes defaulted, and the court was faced with the question of whether the selling automobile dealer (Nance), and its customer (Peirce) could both be held liable as "owners" for the negligence of Manes as a "permissive user." (Former § 402, now § 17150.) It was contended that the dealer and former owner were liable because of failure to comply with statutory procedures for effecting transfer of legal title in the case of the dealer, failure to notify the Department of Motor Vehicles (§ 5900, formerly § 177, subd. (b)); in the case of the former owner, failure to date the certificate of ownership (§ 5753, formerly § 176). The court held that since there had been compliance before the accident, the mere delay by the dealer (in notifying the department) and the failure of the owner to insert a date (on the certificates) did not negate the transfer so as to leave either of them liable. In the course of the opinion the court noted: "There is no doubt that the word 'owner' as used in section 402 for the purpose of creating a liability thereunder, is not synonymous with that word as used in the ordinary sense of referring to a person or persons whose title is good as against all others. Under the Vehicle Code there may be several such 'owners' at any one time. One or more persons may be an 'owner,' and

thus liable for injuries to a third party, even though no such 'owner' possesses all of the normal incidents of ownership [citation]." (P. 115.)

Correctly observing that certain inconsistencies appear among the several sections which, if read out of context, would produce "some amazing results" (p. 116), in the course of its opinion the court also noted that "The relevant code sections cannot, properly, be interpreted without reference to other sections in the same chapter. These sections must, if possible, be interpreted as a whole so as to give effect to the legislative intent as expressed in the entire chapter. All such must be reconciled and harmonized if possible." (P. 116.) Among the "basic concepts" concluded to be "inherent in the statutes, as an entirety" were the following: ". . . Registration of vehicles, somewhat like the recording of real property . . . for the protection of purchasers and injured parties, principally by affording identification of vehicle and person; . . . [R]egistration must be speedy and substantially in compliance with the requirements set forth in the code section. . . ." (P. 119.) Under the mandate of *Stoddart* we harmonize all applicable sections particularly those relating to dating (§§ 5753, 5900) and conclude that the failure of this appealing defendant to date the endorsement subjects him to liability as an "owner" of the vehicle.

This is precisely what was done in *Laureano* v. *Christensen,* 18 Cal.App. 3d 515 [95 Cal.Rptr. 872], a case posing the identical question here involved. Thus, in March of 1967 defendant Christensen traded his Thunderbird to Turner Motors in exchange for a new automobile, delivering to the above dealer a pink slip (certificate of ownership) which was signed but not dated; on April 9 1967, a dealer's notice of sale (of the Thunderbird) to one Mendoza was mailed to the Department of Motor Vehicles; on the next day (April 10th), while being driven by Mendoza, the Thunderbird was involved in an accident involving plaintiff Laureano. It was there contended, as here, that dating of the certificate was not essential for compliance with section 5602; hence, title had passed to others before the accident in suit. The reviewing court reversed a summary judgment for defendant rendered in accordance with the above contention. After reference to the several sections of the Vehicle Code, heretofore mentioned, the court stated at pages 521-522: "In our interpretation of these related sections we are aided by well-known rules of statutory construction. The several provisions are to be regarded as blending into each other and constituting a single statute [citations]. Significance must be credited and given to each of the sections [citation], and if possible each must be harmonized with the others and given effect [citation]. We are bound to maintain the integrity of each of the sections if they may reasonably stand together [citation].

"Applying these standards by harmonizing and giving effect to each of

the statutory provisions in question, one must conclude that for a motor vehicle transferor to make 'proper endorsement' of the ownership certificate —thus passing title and avoiding future liability (§ § 5600, 5602)—he must not only 'write' his signature thereon (§ 5751), but he must also 'date' the writing (§ 5753). Any lesser requirement would unnecessarily and unreasonably ignore one or more of the several statutory commands.

"Further, it is fundamental that we must give effect to the legislative intent in adopting the motor vehicle registration laws. [Citation.] A principal purpose of those statutes is to afford ready information to those injured or otherwise damaged by automobiles, concerning the persons liable under the owner's liability statute, section 17150. [Citations.] It has variously been said: that the purpose of the statutes is to afford a more certain indicia of ownership than mere possession for the protection of the public with respect to accidents, violations of law, and fraud upon innocent purchasers [citation]; that they 'were enacted in the interest of the public welfare' [citation]; and that they are 'for the purpose of identifying the vehicle in the hands of transferees. The state is concerned in the identity and ownership of cars operated upon the public highways' [citation]."

Further defendant argues that the determination below (sustaining plaintiff's claim that the endorsement must be dated) constitutes "a trap for the unwary." There is language to this effect in *Somerville* v. *Providence Washington Indemnity Co.*, 218 Cal.App.2d 237, 246 [32 Cal.Rptr. 378], but the court there also pointed out that former sections 177 and 178 were also enacted "to protect third parties injured by operation of the vehicle." (P. 247.) In this regard, defendant argues that there was not a scintilla of evidence that the failure to date the certificate was intentional on his part; he makes mention of an exhibit (certified copy of the certificate) which purportedly provides a reason why the date was not inserted—defendant's signature was so long that it encroached upon the space provided for dating. We cannot consider such argument in light of the unchallenged recital in the judgment that findings were not requested; the failure to so request is the equivalent of waiver. "Where findings are waived, every intendment is in favor of the judgment; and it will be presumed that the trial court in effect found all the facts necessary to support the judgment." (4 Witkin, Cal. Procedure (2d ed. 1971) p. 3118.)

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.