[Civ. No. 42105. First Dist., Div. Three. Aug. 30, 1978.]

LIDIA HIDALGO et al., Plaintiffs and Appellants, v.
THEODORE ANDERSON et al., Defendants and Respondents.

**COUNSEL**

B. V. Yturbide and Gunnar G. Gunheim for Plaintiffs and Appellants.

Wines, Robinson, Wood & Anderson and Thomas R. Fellows for Defendants and Respondents.

## OPINION

**HALVONIK, J.**—Appellants brought suit for wrongful death and personal injuries resulting from an automobile accident. Defendant driver of the other vehicle, Larry Christensen, had traded his old car for the 1965 Lincoln Continental which was involved in the accident. The trade was not reported to the Department of Motor Vehicles. The former owner of the vehicle, Kevin Larson, had purchased the car from respondents for $100 and some stereo equipment. Respondents had signed and dated the pink slip and delivered it, the registration and the vehicle to Kevin Larson. Kevin Larson maintained that he had asked the Andersons to place the name of his father, Earl Larson, on the notice of transfer to the Department of Motor Vehicles because he was on welfare at the time and feared that if the welfare department knew that he had a Lincoln Continental "it just wouldn't set." Respondents did place the name Earl Larson on the notice but they insist that they were under the impression that "Earl" was Kevin's given name.

Respondents moved for summary judgment on the ground that they had been relieved of liability by complying with the transfer provisions of Vehicle Code section 5602, subdivision (b).[1] Respondent Naomi Anderson filed a declaration saying that she sold the car to Earl Larson for valuable consideration and that she had endorsed the certificate of ownership at the time of sale and had given it, along with the car keys, to Kevin Larson. She further declared that her husband, Theodore Anderson, had completed and signed a Department of Motor Vehicles "Notice of Transfer of Ownership" form and deposited it in the United States mail. Mr. Anderson filed a declaration similar to his wife's.

Summary judgment was granted. Appellants moved for a new trial on the ground that respondents had not complied with section 5602, subdivision (b) because the notice of transfer did not list the true buyer's

---

[1]Vehicle Code section 5602 reads as follows:

"An owner who has made a bona fide sale or transfer of a vehicle and has delivered possession thereof to a purchaser shall not by reason of any of the provisions of this code be deemed the owner of the vehicle so as to be subject to civil liability for the operation of the vehicle thereafter by another when the owner in addition to the foregoing has fulfilled either of the following requirements:

"(a) When he has made proper endorsement and delivery of the certificate of ownership and delivered the certificate of registration as provided in this code.

"(b) When he has delivered to the department or has placed in the United States mail, addressed to the department, either the notice as provided in Section 5900 or Section 5901 or appropriate documents for registration of the vehicle pursuant to the sale or transfer."

Unless otherwise indicated, all references are to the Vehicle Code.

name and that recent deposition testimony of respondents and Kevin Larson revealed that there was a factual conflict about how the name Earl Larson came to be used in the transaction.

The motion for new trial was granted.

Respondents again moved for summary judgment, this time on the ground that the evidence showed that they were released from liability by virtue of compliance with section 5602, subdivision (a). The motion was granted. This appeal is from that judgment.

■ Appellants contend that respondents' second motion for summary judgment was barred by the principles of res judicata, the order granting a new trial having been a conclusive disposition of the matters at issue between the parties. Res judicata, however, is applicable only where there has been a judgment on the merits and an order granting a new trial is not such a judgment.

There is a factual dispute between the parties about how the name Earl Larson came to appear on the notice of transfer. Respondents say they were under the impression that Earl and Kevin Larson were the same person. Kevin Larson says that respondents were knowing participants in his scheme to mislead the welfare department about his ownership of the Lincoln. ■ The presence of factual conflict, however, will not defeat a motion for summary judgment unless the fact in dispute is a material one. (Code Civ. Proc., § 437c.) The question then is whether, as a matter of law, respondents have complied with section 5602 notwithstanding their knowledge that "Earl Larson" was a misnomer employed for purposes of deception.

Section 5602 provides alternative methods for persons to avoid civil liability when transferring ownership of a vehicle. Respondents tried both methods. If they indeed wilfully misstated the transferee's name they would not have complied with section 5900 and compliance with section 5900 is an express requirement of section 5602, subdivision (b). When appellants established that there was a conflict in the evidence regarding the participation of respondents in Kevin Larson's deception, the trial court, which had granted respondents a summary judgment on the assumption they had complied with section 5602, subdivision (b), properly granted appellants' motion for new trial. That there is a triable issue of material fact regarding respondents' compliance with section 5602, subdivision (b), however, tells us nothing about their success in

attempting to comply with section 5602, subdivision (a). (*Lerner* v. *Superior Court* (1977) 70 Cal.App.3d 656 [139 Cal.Rptr. 51]; *Woods* v. *Eastridge* (1950) 99 Cal.App.2d 625 [222 P.2d 296].)

██ Section 5602, subdivision (a) provides that the transferor avoids civil liability: "When he has made proper endorsement and delivery of the certificate of ownership and delivered the certificate of registration as provided in this code." Unlike section 5602, subdivision (b), it does not require the owner to state the name of the transferee. Appellant would have us interpret "proper endorsement" to include that requirement, but we cannot do so because the Legislature has placed that duty elsewhere. Section 5750 provides that "the transferor shall write his signature, and the transferee shall write his signature and address, in the appropriate spaces provided on the certificate of ownership issued for the vehicle."[2]

But absent a "bona fide sale or transfer" respondents cannot avoid liability under either of section 5602's alternatives and how, ask appellants, can this sale have been "bona fide" when Kevin Larson says respondents participated in his deception?

In order to construe the term "bona fide" we must look to the context in which it is used. (*Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907 [80 Cal.Rptr. 89, 458 P.2d 33].) As used in section 5602, "bona fide" refers to the nature of the agreement between the parties to the transaction. There was no deception in that transaction. Kevin Larson was not misled by respondents. And assuming his father's name for purposes of the transfer did not vitiate the transaction. (Cf. *Wilson* v. *White* (1890) 84 Cal. 239, 242 [24 P. 114]: ". . . if there be a person in existence, and identified, and delivery is made to him, it makes no difference by what name he is called. He may assume a name for the occasion; and a conveyance to and by him under such name will pass the title." See also *Overton* v. *Harband* (1935) 6 Cal.App.2d 455, 465 [44 P.2d 484], and *Knaugh* v. *Baender* (1927) 84 Cal.App. 142, 148 [257 P. 606].)

[2] Section 5751 also provides that "the transferee shall write his signature and address in the appropriate spaces . . . ." That is what makes this case different from *Nuss* v. *Pacht* (1971) 22 Cal.App.3d 553 [99 Cal.Rptr. 460] and *Laureano* v. *Christensen* (1971) 18 Cal.App.3d 515 [95 Cal.Rptr. 872], where "proper endorsement" was interpreted to include dating the certificate. Section 5753 places the burden of dating the certificate on the transferor. That an endorsement is not "proper" when the transferor fails to satisfy the transferor's obligations is hardly surprising. The same could not be said were we to require the transferor to satisfy the transferee's obligation.

There was a bona fide sale, respondents properly endorsed and delivered the certificate of ownership and delivered the registration. For purposes of avoiding civil liability, the transfer was successful.

The judgment is affirmed.

White, P. J., and Feinberg, J., concurred.

A petition for a rehearing was denied September 29, 1978, and appellants' petition for a hearing by the Supreme Court was denied October 25, 1978.